BROMELING v. BROMELING.

1. Cancellation of Instruments—Deeds—Parol Contract.
   On a bill for the cancellation of certain deeds alleged to have been deeded in violation of the provisions of an oral contract, evidence examined, and *held*, sufficient to support the finding of the court below that said contract was made.

2. Frauds, Statute of—Parol Contract—Performance.
   An oral contract between plaintiff and his foster father whereby the latter was to have the use and benefit of land belonging to plaintiff during his lifetime, and at his death the land in controversy belonging to the foster father was to go to plaintiff, having been fully performed by plaintiff, the statute of frauds has no application.

Appeal from Eaton; Smith, J. Submitted June 6, 1918. (Docket No. 55.) Decided July 18, 1918.

Bill by Merton P. Bromeling against Mary A. Bromeling and another to set aside certain deeds. From a decree for plaintiff, defendant Bromeling appeals. Affirmed.

*Joseph B. Hendee,* for plaintiff.

*Elmer N. Peters,* for appellant.

The plaintiff, who was the nephew of Philamon K. Bromeling and Adelia E. Bromeling, his wife, was adopted by them on September 4, 1873, when he was five years of age. He had inherited, with his brother, George Pettit, 40 acres of land from his mother. This was by common consent divided at an early day so that George was to have the west 20 acres and Merton the east 20 acres thereof. When Merton became of age, this arrangement was ratified by an exchange of deeds, and soon after Philamon K. Bromeling became the owner of the west 20 acres by purchase from George Pettit. In 1871, Philamon K. Bromeling had become the owner of 40 acres of land, which was the homestead, and is the land in controversy in this litigation. Adelia Bromeling became the owner by purchase of 30 acres of land. These various parcels of land are contiguous and constitute one farm of 110 acres of land. In 1891 they learned of the action of this court in holding the statute under which they had adopted the plaintiff to be void and thus nullifying their attempt to make him their heir at law. In December, 1891, Adelia conveyed by warranty deed to the plaintiff the 30 acres belonging to her of the 110-acre farm, which deed was duly delivered and recorded. The proofs also show that at about the time this deed was made Philamon K. Bromeling made his will, devising and bequeathing to the plaintiff all of his property. Adelia E. Bromeling died April 24, 1898, at which time the plaintiff possessed in his own right 50 acres and Philamon K. Bromeling 60 acres of the 110-acre farm. On June 21, 1899, Philamon K. Bromeling married the defendant Mary A. Bromeling, who had lived with the family some time before the death of the first wife. On January 6, 1900, Philamon K. Bromeling made another will, by the terms of which he revoked all former wills and gave to his wife, Mary A., certain property which she would have

inherited without a will, and the rest, residue and remainder of all his property he gave to his "adopted son, Merton P. Bromeling." On June 5, 1912, he and his wife, Mary, conveyed the 40 acres comprising the homestead to Heileman Miller, who on the same day conveyed the same to Philamon K. Bromeling and Mary A. Bromeling as husband and wife, thus creating an estate by the entirety in the husband and wife. These conveyances were not recorded until March 5, 1914, and on April 5, 1914, Philamon K. Bromeling died. His last will was duly admitted to probate and as no appeal was taken, it stands as his last will. This bill is filed praying that the deeds creating the estate by the entirety be set aside and that the land conveyed thereby be restored to the estate of Philamon K. Bromeling, to be administered in accordance with the terms and provisions of his last will and testament. It is plaintiff's claim that after the death of Adelia and before the marriage of Philamon K. to the defendant in this cause, a contract or oral agreement was made between himself and Philamon K. to the effect that in consideration of the use of the 30 acres of land conveyed to him by Adelia, the possession of which did not come to him until Adelia's death, and a continuance of the use of the 20 acres inherited by the plaintiff from his mother, so long as said Philamon K. should live, upon the death of said Philamon K. all property of the said Philamon K. should be and become the property of the plaintiff; that the contract was performed and executed on the part of the plaintiff. It is denied by the defendant that any such contract was ever made, but the contentions of the plaintiff were sustained by the learned trial judge. From a decree made in accordance with the opinion filed by the judge, the defendant Mary A. Bromeling appeals. The other defendant entered no appearance in the court below and his default was duly entered.

KUHN, J. (*after stating the facts*). It is the contention of plaintiff's counsel, and the trial judge also so determined, that there are really but two questions to be decided in this case, which are questions of fact, viz., *first*, Was the contract made as claimed by the plaintiff? and *second*, Was there a substantial performance of this contract or agreement on the part of the plaintiff? It is the contention of counsel for the defendant that, while the proofs unquestionably show a purpose and intent on the part of Philamon K. that the plaintiff should have the right of an heir in his property and that it should go to the plaintiff at his death, and that such intention had existed from the time of the attempted adoption of plaintiff by the Bromelings in 1873 down to the time of creating the estate by the entirety, yet that there is not sufficient proof of a specific contract and agreement as would be legally enforceable. This is urged for the reasons, *first*, that there was in fact no actual contract, but that it was a mere family intent and expectation, and *secondly*, that if there was such a contract, it was not made during the interval between the death of the first wife of Philamon K. Bromeling and his marriage to the second wife, and would therefore be void as to the 40 acres in question, for the reason that it was the homestead of the Bromelings, and, being a homestead, a verbal agreement to convey it would be void. It is also contended that the proofs do not show such performance on the part of plaintiff as would take the case out of the statute of frauds, and that the enforcement of the alleged agreement would be unfair, inequitable, and unjust. The trial judge, who had the benefit of seeing and hearing the witnesses, after a careful review of the facts, sustained the plaintiff's contention as to the existence of the special contract. Upon a review of this record we are of the opinion that the evidence is ample to sustain the finding that

it was made at the time and in the manner claimed by the plaintiff. It would not be profitable to attempt to review all of the testimony, but it will be sufficient to call attention to certain pertinent facts. In the fall of 1898 the Bromeling farm of 110 acres, including plaintiff's 50 acres, was rented to Mr. Fred Hall. Shortly after Mr. Hall took possession of the farm, Philamon K. moved out of the house on his 40 acres and Mr. Hall moved in. Philamon K. then took up his residence with the plaintiff at Eaton Rapids. Hall remained upon and worked the farm until some time in June, 1899, and until the marriage of Philamon K. to the defendant, Mary A., when he sold all of his interest to Philamon K. and moved off of the farm and Philamon K. moved into the house that had been vacated and continued to keep possession of the whole 110 acres from then until his death; his own 60 acres as well as plaintiff's 50 acres which he had before leased to Hall. Mr. Hall testified that when Philamon K. was living at Eaton Rapids, he frequently came to the farm, and that he had several conversations with him in which he said that if anything happened to him, he (Hall) should go right on with Mert (plaintiff) as Mert took all the property when he (Philamon K.) was through with it. The record shows that these conversations occurred before the marriage with the defendant, Mary, took place. The testimony of George C. Morgan also proved conversations had with the deceased, which showed that Philamon K. Bromeling had voluntarily told him of an agreement existing between himself and the plaintiff relative to the use he was having of the lands of the plaintiff and what the plaintiff was to have in consideration of such use. As to the existence of this contract, the trial judge found specifically as follows, which in our opinion is justified by the record:

"I am, however, without doubt from the proof in

the case, that a contract such as is claimed by the complainant was made, and that it was carried out by the complainant. The fact that Philamon K. has had the use of this land for so many years, without payment of rent, used it as his own, built the fences as he did, and treated the entire one hundred ten acres as a farm by itself, his statements on many occasions, that it was to be Merton's after he was through with it, the fact that he made no accounting to complainant for its use, and complainant required none, the fact that he made a will giving to defendant her legal rights as his widow and disposed of the remainder in consonance with the terms of this claimed contract, and that the conveyance and disposition of the land in controversy so many years, is in my judgment strong evidence that he recognized and in a way acknowledged the contract which it is claimed was entered into."

The contract relied upon and proven by the plaintiff is not an executory contract, but rather one that has been substantially executed and performed on the part of the plaintiff. In the case of *Ruch* v. *Ruch*, 159 Mich. 231, 235, this court said with reference to this class of contracts:

"Contracts for the conveyance of land, though resting entirely in parol, have been repeatedly held by this court and others not to be within the statute of frauds where one party has executed the parol contract in whole or in part."

The contract having been substantially performed on the part of the plaintiff, under the authority of *Ruch* v. *Ruch, supra,* and kindred cases, the statute of frauds has no application. A reading of this record has not satisfied us that the result reached by the court below is unjust or inequitable, and the decree is therefore affirmed, with costs to the plaintiff.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.