No. 10,734.

FAGAN, ET AL. *v.* FISHER.

Decided January 7, 1924. Rehearing denied February 4, 1924.

Action involving title to real property. Judgment for plaintiff.

### *Reversed.*

1.  APPEAL AND ERROR—*Sufficiency of Evidence.* In an action involving the title of real property belonging to the estate of a deceased person, the contention that the evidence does not support the judgment, sustained.

2.  STATUTE OF FRAUDS—*Real Property—Contract—Evidence.* In an action involving the title to real property where plaintiff alleged a contract on the part of the owner to devise it to her, it is held that the evidence of such a contract must be strong and unequivocal.

3.  EVIDENCE—*Deceased Persons—Statements.* Oral testimony of oral statements against interest made by deceased persons many years before, is uniformly considered the weakest of all evidence.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. E. P. BLAKEMORE, Messrs. ELLIS, ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES, for plaintiffs in error.

Mr. JOHN HIPP, Mr. S. E. CARY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

LENA FISHER, defendant in error, brought suit and obtained a decree against the plaintiffs in error, declaring her to be the owner of all the property owned by Basil Hill at the time of his death, and they bring error.

It is not clear from the complaint and evidence just what plaintiff relied on to show her right to this property,

but the only thing which appears to give her any color of right is that Hill entered into a contract in his life time that he would devise it to her.

Certain questions are raised of the competency of some of the evidence which we do not find it necessary to decide. The principal claim of the plaintiffs in error is that the evidence does not support the judgment and in this we think they are correct. The evidence shows that in 1901, when plaintiff was ten years of age, Basil Hill and his wife, aunt of the plaintiff, her father and mother being dead leaving no other children, took her into their family and brought her up, supported her and received her earnings (some $1500), and it is claimed that when they took her they agreed to leave her all their property when they died. Mrs. Hill died in November, 1921, intestate and without property so far as appears, and Basil Hill in March, 1922, leaving a will by which he gave his property to plaintiffs in error.

Evidence of such contract must be strong and unequivocal, *Bohm v. Bohm*, 9 Colo. 100, 111, 10 Pac. 790; *Von Trotha v. Bamberger*, 15 Colo. 1, 8, 24 Pac. 883, and, to the same principle, *Knoff v. Grace*, 68 Colo. 527, 190 Pac. 526, 10 A. L. R. 1492. The evidence to support plaintiff's claim that there was such a contract is weak and equivocal. No writing appears and therefore part performance must be shown, but no consideration for the contract is definitely stated or shown; it is therefore impossible to tell whether the contract was performed on the part of the plaintiff, fully, partly or at all. The strongest evidence of a contract is the testimony of Rose Alford and Charles Rollins. The former says: "To my knowledge * * * Mr. and Mrs. Hill promised to educate and bring her up as her own, and that Mrs. Fisher would be entitled to whatever property they had when they died."

But it appears from the testimony of Rollins that Mrs. Alford was not present when the supposed contract was made. Rollins says that: "Mr. and Mrs. Hill * * * agreed to take Lena as their own child, clothe, school and

in every respect treat her as their own, and as neither one had any relatives *always said* Lena would have what they left at the time of their death." .

There is no evidence strengthening this, though some introduced by the plaintiff weakens it. The plaintiff's own testimony is no better. Oral testimony of oral statements against interest, made by deceased persons many years before, is uniformly considered the weakest of all evidence. *Estate of Emerson*, 175 Cal. 724, 167 Pac. 149; *Cooper v. Colson*, 66 N. J. Eq. 328, 58 Atl. 337, 105 Am. St. Rep. 660, 1 Ann. Cas. 997. Therefore plaintiff's evidence is not strong, and all of it, including her own testimony, calls more clearly, we think, for the conclusion that she was *informally adopted by the Hills with the intention of making her their legatee*, then that there was a contract to give her all they had. It is therefore not unequivocal. Beyond this, we do not think either the testimony or the complaint states a contract at all, but it is not necessary to discuss those points.

Judgment reversed with directions to dismiss the bill.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.