## No. 10,603.

SACKETT, ADMINISTRATOR, ET AL. v. RODECK.

Decided April 7, 1924.   Rehearing denied June 2, 1924.

Action to enforce a contract to make a will.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.*   Fact findings by the trial court based on sufficient evidence, will not be disturbed on review.

2. FRAUD—*Statute of—Contracts—Part Performance.*   Contracts which are partly performed, are specifically excluded from the operation of the statute of frauds.

3. CONTRACTS—*Public Policy.*   Contract by a married woman with the husband of her deceased sister, to keep house for him in consideration of his making a will in her favor, her husband being a locomotive engineer and absent from home much of the time, but residing with the family, held not obnoxious to public policy.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. FREDERICK SASS, Mr. FRANCIS J. KNAUSS, for plaintiffs in error.

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, Mr. EVERETT E. TROUT, Mr. WILLIAM H. GABBERT, for defendant in error.

MR. JUSTICE BURKE, sitting for MR. JUSTICE DENISON, delivered the opinion of the court.

DEFENDANT in error was plaintiff in the trial court and is hereinafter so designated.   She brought this action to enforce an alleged contract of the deceased to make a will in her favor.   To review the judgment therein entered against them the administrator and the heirs prosecute this writ.

This plaintiff and the wife of Christopher Irving, deceased, were sisters by adoption. Plaintiff and her husband had lived at the Irving home and the family relation was as close and intimate between all these people as could be expected under the circumstances. Mrs. Irving died the latter part of May, 1920. During her last illness plaintiff had nursed her and taken care of the Irving home. Shortly thereafter Christopher Irving, having no near relations, being a man of somewhat peculiar temperament, fixed habits and decided tastes, and desiring to continue his residence as prior to his wife's death, entered into an agreement with plaintiff that if she would keep house for him, maintain his home, care for his household affairs and cook his meals during his lifetime, he would make a will devising and bequeathing to her all property, real and personal, of which he might be possessed. Plaintiff thereupon entered upon the performance of that contract and faithfully carried it out until the death of Christopher Irving on the last day of August, 1921. Under date of November 18, 1920, Christopher Irving wrote in his own hand and signed the following document:

"Denver, Colorado, November 18, 1920.

This is my last will and testament, I bequeath everything I possess to Jessie Rodeck, now residing at 721 Downing Street, Denver, Colorado.

(Signed)        Christopher Irving."

Thereby Christopher Irving believed he had kept faith with plaintiff and died in that belief.

The foregoing facts are either undisputed, or overwhelmingly established by the evidence and found by the trial court.

Plaintiffs in error say this judgment should be reversed for four reasons: (1) The improbability of the contract; (2) the contract involving real property and not being in writing is contrary to the statute of frauds; (3) the services rendered were of such a nature as could be compensated in damages; (4) plaintiff, a married woman living with her husband, could not make a valid contract with

Christopher Irving for the rendition of any services other than such as could be compensated by damages, such contract being contrary to public policy.

1. We cannot concern ourselves with the probability or improbability of the alleged contract. The findings of the court, based upon sufficient evidence, settle that question. *Hallack v. Stockdale,* 14 Colo. 198, 23 Pac. 340.

2. This is a case of part performance of a contract. It was entirely performed on the part of plaintiff. Such contracts are specifically excluded from the operation of the statute (section 5109, C. L. 1921), and are enforceable in equity. *Johnson v. Hubbell,* 10 N. J. Eq. 332, 66 Am. Dec. 773; *Lipscomb v. Nichols,* 6 Colo. 290, 293; *Hunt v. Hayt,* 10 Colo. 278, 15 Pac. 410; *Adcock v. Lieber,* 51 Colo. 373, 375, 117 Pac. 993.

3. In view of the foregoing this objection need not be considered.

4. The alleged incompatibility between this contract and sound public policy vanishes when we consider that plaintiff's husband was a locomotive engineer, necessarily absent from the city during much of his time and when at home residing with plaintiff under the Irving roof. The relationship being perfectly proper the contract is not obnoxious to public policy. *Goff v. The Sup. Ldg. R. A.,* 90 Neb. 578, 134 N. W. 239, 37 L. R. A. (N. S.) 1191.

There was heretofore filed in this court a motion to dismiss the writ of error. That motion was overruled with leave to renew on final hearing. It is argued at length by counsel for defendant in error. We see no reason for reversing the ruling.

Finding no error in the record the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.