No. 11,150.

ALLEN *v.* SACKETT, ADMINISTRATOR.

Decided January 5, 1925.

Action to enforce an alleged contract to make a will. Judgment for defendant.

*Affirmed.*

On Application for Supersedeas.

1. EVIDENCE—*Deceased Persons—Statements.*   Testimony of oral statements purported to have been made by persons, deceased, held the weakest of all evidence.

2. SPECIFIC PERFOFRMANCE—*Wills—Evidence.*   In an action to enforce an alleged contract to make a will, evidence held weak, and a finding of no contract, sustained.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. HARRY S. CLASS, Mr. M. H. KINGORE, for plaintiff in error.

Mr. F. J. KNAUSS, Mr. W. D. WRIGHT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error was plaintiff below and was defeated upon trial to the court in a suit against Sackett, administrator of the estate of Caroline C. Gillette, intestate, to enforce a contract to make a will in plaintiff's favor. She brings error and moves for supersedeas. There were general findings for defendant.

Mrs. Gillette, the intestate, died August 28th, 1921. She and her husband lived with Wallace F. Allen, plaintiff's husband, and plaintiff herself in their household for several years, till 1914, when Mr. Gillette died. The widow continued with the Allens until her death.

There is evidence that during all this time neither she nor her husband paid the Allens anything for board, lodging or nursing, though they had lodging and to some extent board and nursing, and though Mrs. Gillette worked regularly at a salary up to a few days of her death, but the evidence of a contract to bequeath to Mrs. Allen is neither strong nor unequivocal.

Only one witness, Georgiana Tabb, gives testimony tending to show anything that amounted to a contract, and her testimony is not that she heard the contract made, but that about 1918, Mrs. Gillette told her that Mrs. Allen had promised to take care of her as long as she lived and that "she had agreed to make a will and leave her estate to Mrs. Allen." Such evidence is the weakest of all evidence (*Fagan v. Fisher*, 74 Colo. 473, 222 Pac. 647), and it is further weakened in that in another place in her testimony,

relating this same conversation, this witness says that Mrs. Gillette's statement was "That she would go and make a will and leave her estate to Mrs. Allen."

There is no other evidence of a contract. All the rest of the evidence on this point is of mere statements by Mrs. Gillette of her intentions. Whether if there had been a contrary finding we could have sustained it, we need not decide, but, the finding being general, we must presume that the court regarded the evidence as insufficient and cannot say that it was wrong.

In *Fagan v. Fisher, supra,* we reversed a finding for the plaintiff because of the insufficiency of evidence nearly as strong if not stronger than the present. *Sackett v. Rodeck,* 75 Colo. 425, 226 Pac. 295, does not help the plaintiff. In that case several disinterested witnesses heard the contract made and the deceased attempted to perform it but the will was defectively executed.

The evidence is that Mrs. Gillette, over a space of some seven years, stated that she intended to give Mrs. Allen now something, now "all but her insurance", and again to give "to those who had been good to her", which included Mr. Allen and perhaps others, but that she was never able to make up her mind what to do, and so, at last, on the night she died, postponed her will till the next morning.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.