## No. 11,221.

### VANDEWARK v. WIDMAN.

Decided February 15, 1926.

Action to quiet title to spring water.  Judgment for defendant.

*Affirmed.*

1. STATUTE OF FRAUDS—*Contract—Performance.*  An oral contract for a one-fourth interest in the water of a spring, based on a valuable consideration, and which is performed by both parties is not within the statute of frauds.

2. APPEAL AND ERROR—*Sufficiency of Evidence.*  Findings of the trial court supported by sufficient evidence will not be disturbed on review.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. HENRY S. SHERMAN, Mr. WM. B. NEELEY, for plaintiff in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department Two.*

Mr. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to quiet title to the waters of a spring. Defendant filed a cross-complaint claiming a one-fourth interest in the same.  Judgment for defendant.  Plaintiff brings the case here.

In 1914 the plaintiff constructed a pipe line across what is now the defendant's land, connecting the spring with

plaintiff's land, and used the water for household and stockwatering purposes. In 1918 the defendant constructed a pipe line running from his home to the plaintiff's supply line, and began using some of the water. Plaintiff claims that defendant had a mere license to use the water for household purposes. Defendant claims that he had an oral contract whereby for a valuable consideration he was entitled to use one-fourth of the water for domestic and stock purposes.

The principal question presented is whether defendant may rely on the oral contract, or whether such contract, not being in writing, is barred by the statute of frauds. Defendant paid $200 for the right he acquired, and agreed to share in the expense of the future maintenance of the works. Both sides have performed fully, except as to the expenses that may arise in the future. This is such a complete performance on both sides as will remove the bar of the statute. *Hoehne Ditch Co. v. John Flood Co.*, 68 Colo. 531, 191 Pac. 108.

Errors are assigned also with reference to the admission or rejection of evidence. The record does not show any prejudicial error in these matters.

The decree finds and adjudges that defendant is entitled to use his one-fourth interest in the waters for household purposes only. Defendant in error assigns cross-error, and contends that he is entitled to use the water for stockwatering and other purposes also. We are unable to disturb the decree in this matter, since the evidence is sufficient to support it in the form which it takes. Plaintiff testified that he and defendant agreed that the water be used by defendant for household purposes only, and the testimony of the witness Hagler corroborates this. Such testimony is made plausible by the fact that the quantity of the water is small, and plaintiff's stockwatering might be interfered with if defendant used sufficient water for irrigation and stockwatering. Plaintiff would have a good reason for insisting upon an agree-

ment that defendant limit his use to household purposes only, and thereby avoid taking more than one-fourth of the waters of the spring. At any rate, we cannot say that the decree, in this respect or in any other, is against the weight of the evidence.

The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.