[Civil No. 2321.   Filed March 5, 1926.]

[243 Pac. 913.]

MARCIA E. SULLIVAN and EMMA A. STAHL, Appellants, v. OSCAR F. TOWNSEND and FAMA E. TOWNSEND, Appellees.

1. FRAUDS, STATUTE OF—ORAL AGREEMENT TO WILL LAND IN RETURN FOR CONVEYANCE OF IT HELD WITHIN STATUTE.—Oral agreement by father that, if children would relinquish right to accounting for use of, and would convey to him their interest in, land, he would pay encumbrances on it, improve it, and will it to them, *held* within statute.

2. FRAUDS, STATUTE OF—PERFORMANCE BY GRANTORS OF ORAL AGREE-MENT TO CONVEY LAND IN RETURN FOR KEEPING IT INTACT AND WILLING IT TO GRANTORS HELD TO REMOVE AGREEMENT FROM STATUTE.—Performance by grantors of oral agreement to re-linquish accounting for use of, and to convey interest in, land, in return for which grantee was to pay encumbrances, improve and will land to grantors, *held* to remove agreement from statute.

See (1, 2) 27 C. J., p. 208, n. 82, p. 354, n. 86.

APPEAL from a judgment of the Superior Court of the County of Yuma.   Alfred C. Lockwood, Judge. Reversed and remanded.

Messrs. Kibbey, Bennett, Gust & Smith and Mr. W. F. Timmons, for Appellants.

Messrs. Kingan, Campbell, Conner & Darnell and Messrs. Robertson, Lindeman & Campbell, for Appellees.

BOLLINGER, Superior Judge.—The pleadings and record in this case disclose the following alleged cir-cumstances to be the cause of this litigation:

1.  See 25 R. C. L. 585.
2.  See 25 R. C. L. 587.

This suit was brought by these two plaintiffs on behalf of themselves and as trustees for their six brothers and sisters; said plaintiffs having secured proper assignments from the remaining parties in interest before suit was filed. These eight persons are the issue of a marriage contracted in the year 1874 between defendant Oscar F. Townsend and Dolores Townsend; she having died intestate in the year 1897. Defendant Oscar F. Townsend is now the husband of Fama E. Townsend; they having been married on November 2, 1908.

Between the years 1874 and 1897, while the marriage relation existed between the defendant Oscar F. Townsend and the mother of these plaintiffs, Dolores Townsend, the husband and wife acquired a valuable estate, consisting of both real and personal property, all located in and near Yuma, Yuma county, Arizona. This property was the community property of defendant Oscar F. Townsend and Dolores Townsend, his wife, and at the time of the death of the wife and mother, Dolores Townsend, in the year 1897, the eight children became the legal heirs of their mother, Dolores Townsend, and they are now the plaintiffs in this action.

From the date of the death of the wife and mother, Dolores Townsend, in the year 1897 until the year 1909 the defendant Oscar F. Townsend had the complete control of said community property, collected the rents and income from said property, used same at will, and made no accounting to said children. During said period defendant Oscar F. Townsend also encumbered portions of this real estate to the extent of $7,000. On November 2, 1908, when defendants Oscar F. Townsend and Fama E. Townsend were married, the eight children, plaintiffs herein, issue of the former marriage between Oscar F. Townsend and Dolores Townsend, were the owners in fee

of an undivided one-half interest in said community property, no accounting having ever been made to them by their father, Oscar F. Townsend, defendant herein, and no accounting has ever been made to them, and they have never received any share in the estate of their deceased mother, Dolores Townsend.

The pleadings also allege a conspiracy by defendants Oscar F. Townsend and his present wife, Fama E. Townsend, to defraud these eight children out of their property belonging to them as heirs of their deceased mother, Dolores Townsend. It is alleged that between November 15, 1908, and January 10, 1909, Oscar F. Townsend, with the knowledge, consent and acquiescence of his present wife, Fama E. Townsend, promised, stated and agreed to and with all of the children and heirs of Dolores Townsend, deceased, that, if they would relinquish their right to an accounting of the rents, issues and profits derived from said estate theretofore received by said defendant Oscar F. Townsend, and would convey all of their interest in the real property belonging to the said estate to the said defendant Oscar F. Townsend, he would keep the title to all of the real estate in question vested in his own name, with certain exceptions, and would from the proceeds of the sale of certain lots and accruing rents pay off all indebtedness existing against said property, and would erect a certain business building in Yuma, Arizona, to cost not less than $40,000; said building to be erected on lot 3, block 11, of the city of Yuma, which lot was a portion of the real estate in question.

It is alleged that Oscar F. Townsend further promised that he would prior to his death make, publish and declare his last will and testament, by which will he would bequeath to said eight children, issue of the former marriage between defendant Oscar F. Townsend and the deceased wife and mother, Dolores

Townsend, share and share alike, free and clear of all indebtedness, all of the real estate in question, except some portions of the Townsend tract. It is also alleged that by reason of these promises and agreements, and because of the great confidence and trust that these eight children reposed in their father, Oscar F. Townsend, they and each of them, with the exception of one child, Arthur C. Townsend, who was then a minor only 17 years of age, on and between January 15, 1909, and February 2, 1909, relinquished their right to an accounting from the said Oscar F. Townsend of the rents, issues and profits from said community property, and conveyed by good and sufficient deeds to the said Oscar F. Townsend, their father, defendant herein, all of their right, title and interest in and to the real property in question; that said conveyances would not have been made by said children had it not been for the confidence and trust reposed in Oscar F. Townsend, their father, by said children, and their reliance upon his promises and agreements, there being no other consideration. Similar action by the eighth child, Arthur C. Townsend, is alleged as having occurred on June 16, 1913, when he became of age.

It is further alleged that, in pursuance to the alleged fraudulent conspiracy between Oscar F. Townsend and Fama E. Townsend, his present wife, and without the knowledge or consent of any one of these eight children and heirs, defendant Oscar F. Townsend, in the year 1915, executed deeds whereby he conveyed two of the most valuable tracts of real estate in question to defendant Fama E. Townsend, his present wife, who took said deeds with actual knowledge of what had transpired between the father and his eight children, which deeds were not recorded in the official records of Yuma county, Arizona, until February 18th in the year 1920. It is also alleged

upon information and belief that the said Oscar F. Townsend by other unrecorded deeds has conveyed all of the remainder of the real estate in question, without consideration, to the defendant Fama E. Townsend, his present wife. It is alleged that, if these deeds are not canceled and set aside, the said Oscar F. Townsend has placed it beyond his power to keep his promises and agreements with the children and their heirs of Dolores Townsend, the deceased wife and mother.

It is further alleged that since January 10, 1909, defendants have sold approximately $50,000 worth of the real estate in question, and have collected approximately $50,000 in rents, and at the time of the filing of the complaint were collecting about $700 per month rental from the real estate in question.

It is further alleged that the defendant Oscar F. Townsend is an old man about 75 years of age; that he has failed to reduce the encumbrances on said real estate, but has increased said encumbrances, and has failed to erect the agreed building at a cost of $40,000 on lot 3, block 11, of the city of Yuma, but has erected a small building on the rear of said lot at a cost of about $5,000; that prior to the filing of this action, and after the death of Dolores Townsend, defendant Oscar F. Townsend caused a portion of the property belonging to the estate, known as the "Townsend tract," to be platted into lots and blocks as an addition to the city of Yuma, said addition consisting of approximately 500 lots; that a great number of these lots were sold to *bona fide* purchasers; and that by said sale and conveyance of such lots defendants herein have placed the estate of Dolores Townsend entirely beyond the control of her eight children and heirs, and made it impossible for said estate to be restored to them.

It is further alleged that all the rents, issues and profits from the real estate in question, including the

sale of lots in the Townsend tract, have been, and are being, collected and retained by defendant Fama E. Townsend, and that said defendant has appropriated, and is appropriating, said funds to her own use, to the irreparable injury of the eight heirs of Dolores Townsend, deceased.

The prayer of the complaint asks for an accounting of all moneys received from the community estate since January 10, 1909; for the cancellation of all deeds transferring any of the real estate in question from Oscar F. Townsend to his present wife, Fama E. Townsend, both defendants herein; the appointment of a receiver; and specific performance upon the part of defendant Oscar F. Townsend by making his last will and testament in favor of his eight children, issue of his marriage with his first wife, Dolores Townsend, now deceased, or, in lieu of the specific performance by him of said alleged promises and agreements, that said alleged promises and agreements be enforced by decreeing a trust upon all of the alleged community property in question in accordance with the rules and principles of equity.

The defendants, through counsel, interposed various demurrers and answers to the complaint of plaintiffs, including the statute of frauds. The demurrers were later waived by defendants, and the case went to trial before a jury.

After plaintiffs had made their opening statement to the jury, counsel for defendants objected to the introduction of any testimony in the case; their objections being upon the ground that it appeared from plaintiffs' opening statement that the alleged promises and agreements of the defendant Oscar F. Townsend, upon which plaintiffs based their case, were oral agreements, and therefore any such testimony came within, and should be barred by, the statute of frauds. Plaintiffs, through counsel, admitted that the

alleged agreements were oral, and, after this admission, the court heard arguments of respective counsel concerning the legal proposition as to whether or not the case came within the statute of frauds, or, because of the alleged circumstances, the statute of frauds did not apply.

The court, by its ruling, sustained the position of counsel for the defense. Counsel for plaintiffs then placed one of the plaintiffs upon the stand as a witness and commenced the examination. Defense counsel renewed their objection, and the court held that the testimony should not be admitted because it was barred by the statute of frauds; the alleged promises and agreements of defendant Oscar F. Townsend being oral. Counsel for plaintiffs contended that their clients were entitled to present the testimony because there had been complete performance on the part of the plaintiffs.

Counsel for plaintiffs during the argument, also contended that the complaint must be construed as stating a good cause of action on the theory of a constructive trust arising by operation of the law as a result of the alleged fraudulent conspiracy. The court refused to place such a construction upon the complaint, but stated that he would allow plaintiffs to elect to construe the complaint in such manner, reserving his ruling as to the sufficiency of the complaint. Counsel for plaintiffs objected to being required to elect, and the court informed them that he would not require them to elect, but would give them that opportunity. Counsel for plaintiffs declined to make any election at that stage of the proceedings, at which time the court dismissed the jury and entered judgment in favor of the defendants and against the plaintiffs. The proper motion for a new trial was presented by plaintiffs' counsel and denied.

This appeal is taken from the judgment in favor of the defendants and against the plaintiffs, and from the order denying plaintiffs' motion for a new trial.

The learned trial judge sustained defendants' objection to the introduction of any testimony in this case upon the ground that an oral agreement to make a will of real property, such as is herein alleged, is within the statute of frauds, and is not taken without the operation of the statute of frauds even by the fact that the parties in whose favor the will was agreed to be made had completely performed their part of said oral agreement by conveying real estate to the party who agreed to make the will.

This court is of the opinion that said alleged oral agreement is within the statute of frauds, but was taken without the operation of the statute of frauds because of the alleged complete performance by plaintiffs herein. Defendant Oscar F. Townsend, at a series of family conferences, dealing with his own children by a former marriage, concerning an estate left them by their deceased mother, is alleged to have orally agreed, among other things, to make his last will and testament in favor of his said children, bequeathing to them extensive real properties, provided they would convey to him certain real property included in the community share of their deceased mother, Dolores Townsend. They are alleged to have done this, in which event this court is of the opinion that the statute of frauds is not a bar to the action of plaintiffs upon said promises being ignored by defendants. We are of the opinion that the following authorities sustain this view of the law: *Stewart v. Smith,* 6 Cal. App. 152, 91 Pac. 667; Pomeroy on Equity Jurisprudence, § 1409; *Johnson v. Hubbell,* 10 N. J. Eq. 332, 66 Am. Dec. 773; *Ruch v. Ruch,* 159 Mich. 231, 124 N. W. 52; *McClure v. Otrich,* 118 Ill. 320, 8 N. E. 784; *Farwell v. Johnston,* 34 Mich. 342; *Holland v. Hoyt,* 14 Mich. 238; *Bromeling v. Bromel-*

*ing,* 202 Mich. 474, 168 N. W. 431; *Korminsky* v. *Korminsky,* 21 N. Y. Supp. 611, 2 Misc. Rep. 138; *Yule* v. *Fell,* 123 Iowa 662, 99 N. W. 559; *Lawrence* v. *Prosser,* 88 N. J. Eq. 43, 101 Atl. 1040; *Stuckey* v. *Truett,* 124 S. C. 122, 117 S. E. 192; *Swingley* v. *Daniels,* 123 Wash. 409, 212 Pac. 729; *Price* v. *Price,* 133 N. C. 494, 45 S. E. 855; *Pearsall* v. *Henry,* 153 Cal. 314, 95 Pac. 154, 159; *Papenthien* v. *Coerper,* 184 Wis. 156, 198 N. W. 391; *Vohland* v. *Gelhaar,* 136 Wis. 75, 16 Ann. Cas. 781, 116 N. W. 869; *Doyle* v. *Fischer,* 183 Wis. 599, 33 A. L. R. 733, 198 N. W. 763; *Maddox* v. *Rowe,* 23 Ga. 431, 68 Am. Dec. 535; *Sears* v. *Redick,* 211 Fed. 856, 128 C. C. A. 234; *Townsend* v. *Vanderwerker,* 160 U. S. 171, 40 L. Ed. 383, 16 Sup. Ct. Rep. 258; *Van Natta* v. *Heywood,* 57 Utah 376, 195 Pac. 192; *Sackett* v. *Rodeck,* 75 Colo. 425, 226 Pac. 295; *Owens* v. *McNally,* 113 Cal. 444, 33 L. R. A. 369, 45 Pac. 710; *Davis* v. *Murphy,* 105 Neb. 839, 182 N. W. 365; *Burns* v. *Smith,* 21 Mont. 251, 69 Am. St. Rep. 653, 53 Pac. 742; *Bedal* v. *Johnson,* 37 Idaho 359, 218 Pac. 641; *Forrester* v. *Flores,* 64 Cal. 24, 28 Pac. 107; *Diamond* v. *Jacquith,* 14 Ariz. 119, L. R. A. 1916D 880, 125 Pac. 712; *Keefe* v. *Keefe,* 19 Cal. App. 310, 125 Pac. 929; *McClure* v. *La Plata County,* 23 Colo. 130, 46 Pac. 677; *Brison* v. *Brison,* 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; *Hughes* v. *Silva,* 42 Cal. App. 785, 184 Pac. 415.

Therefore it is ordered, adjudged and decreed that the judgment entered herein be, and the same is hereby, reversed, and the cause remanded to the superior court of Yuma county for further proceedings not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD having been disqualified, Honorable E. ELMO BOLLINGER, Judge of the Superior Court of Mohave County, was called to sit in his stead.