No. 13,873.

WALKER ET AL. *v.* DROGMUND.

(74 P. [2d] 1235)

Decided December 27, 1937.

522

Mr. Addison M. Gooding, Mr. Gilbert A. Walker, for plaintiffs in error.

Mr. Quentin D. Bonner, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

We shall refer to the parties as they appeared in the lower court, where the plaintiffs in error were defendants and the defendant in error was plaintiff.

Plaintiff's complaint alleged a written contract of partnership between Thomas Henry Walker, now deceased, and plaintiff, dated June 23, 1913; asserted that certain real and personal property standing in decedent's name at the time of his death, a portion of which, it was pleaded, was original partnership property and the remainder subsequently purchased with partnership funds, was held in trust for the partnership and that upon his demise absolute title to all this property vested in the plaintiff pursuant to a covenant in the partnership agreement providing that upon the death of either partner the interest of the decedent should vest in the survivor; and prayed that the court appoint a commissioner to convey the property to plaintiff and that she be declared to be the sole owner as against defendants who are said to be heirs at law of said decedent.

Except as to the asserted resulting trust on one piece of property, the trial court, without the intervention of a jury, resolved all the issues in favor of the plaintiff. We believe the evidence amply supports the court's judgment in connection with the partnership and trust issues, but that it is wholly insufficient to establish the right of survivorship claimed by plaintiff.

■ No question of joint tenancy between the parties, with its incident survivorship, is involved in the proceeding. The plaintiff seeks relief upon the alleged specific terms of the partnership agreement, providing that upon the death of one of the parties the interest of such decedent should vest in the surviving partner, on the theory that the partnership contract was an executory agreement which determined the rights of the parties inter se and provided what disposition should be made of the partnership property on the happening of a certain event. Such an agreement was upheld in the case of *McKinnon v. McKinnon*, 56 Fed. 409, in the opinion in which, at page 412, the court said: "We can conceive of no sufficient reason why an agreement contained in partnership articles, to the effect that, in a certain contingency, one of the partners shall succeed to all of the partnership assets, should not be held valid, and should not be specifically enforced in equity when the contingency happens, if an agreement such as we have last referred to is held to be valid and enforceable, as it certainly is in the state where this controversy had its origin. Under such an arrangement between partners the one in whom the right of survivorship is thus vested, would hold all of the partnership assets, subject to the payment of the partnership debts, as he would in any event; and we are not aware of any consideration which should preclude the making or the enforcement of such an agreement."

■ As indicated, the complaint alleged a written partnership agreement. The defendant by motion sought the production of the written contract, whereupon plaintiff filed an affidavit as provided by section 14, chapter 63, '35 C. S. A., asserting that the contract had been lost and therein gave the substance of the contract as claimed by her. In proper form an affidavit so filed lays the foundation for the introduction of secondary evidence as to the contents of a lost instrument. The general rule is, that where such secondary evidence is admitted,

it must be clear and satisfactory as to the contents of the document involved. Ordinarily it is not necessary that witnesses should be able to tell the contents of the instrument with absolute verbal accuracy, it being sufficient if they are able to state it in substance. 38 C. J., p. 281. However, where specific performance is sought, proof of the precise terms of the agreement has been held to be indispensable. *VanHorn v. Munnell,* 145 Pa. 497, 22 Atl. 985.

This court in the case of *McDonald v. Thompson,* 16 Colo. 13, 26 Pac. 146, involving an alleged lost deed, announced that the record title to land ought not to be set aside except upon clear proof of the execution and existence of the alleged lost instrument and enough of its contents to enable the court to determine its character, holding that the evidence failing to show its date, manner of execution or a definite description of the property purported to have been conveyed thereby, coupled with the conduct of the alleged grantee in her lifetime, it was insufficient to warrant a decree restoring the lost instrument.

17 R. C. L., p. 1197, section 31, has this to say with reference to the sufficiency of the evidence in cases of this character: ''The secondary evidence adduced to prove the contents of a lost instrument must be clear and convincing, * * *. The doctrine would seem to be equally well founded, in principle, that the greater the value of the instrument, the more conclusive should be the proof of its existence and contents. Since therefore it is the policy of the law, adopted with a view to prevent frauds, that title to lands shall pass only by written instruments, the difference is more in name than in fact between giving effect to a parol conveyance of lands and establishing title to lands under an alleged lost deed, on parol testimony of its contents and loss, unless the proof be clear and conclusive. Where the instrument is a muniment of title, public policy demands that the proof

of its former existence, its loss, and its contents should be strong and conclusive.''

Another circumstance also places the same high degree of proof on the plaintiff. This proceeding being one for specific performance, as has been mentioned, comes within the category of suits in equity to enforce agreements for a precontracted testamentary disposition of the property of a decedent. This court has held that to warrant a recovery on a contract providing for the willing of real estate—which is the substantial part of the property here—the evidence to support it must be strong and unequivocal. *Fagan v. Fisher,* 74 Colo. 473, 222 Pac. 647; *Swedish Church v. Benson,* 77 Colo. 370, 237 Pac. 165.

With these rules in mind, and even without strict adherence to *VanHorn v. Munnell, supra,* an examination of the evidence here will disclose its insufficiency to warrant a decree awarding plaintiff the property of decedent on the survivorship theory advanced. Two witnesses testified with reference to the survivorship covenant alleged to have been contained in the lost partnership agreement. The first of these was Mrs. Woody, a sister of the plaintiff, who stated that she had at one time read the agreement—when, it does not appear, but certainly a considerable number of years past. Her testimony upon this subject was: ''That they deed to each other half of what they then had and engage in ranching and logging, oil and coal and share in the profits equally and at the death of one all of the property, real estate, stock, implements and personal property be left to the other. That is the substance of the contract as I remember it.''

The second witness on this point was David Johnson, who had been acquainted with plaintiff and the decedent for a long period. He stated that in January, 1923, he had read the alleged partnership agreement. He testified with reference to the contents as follows:

''Q. Will you tell the Court in substance of that in-

strument? A. It was headed as a partnership agreement and the partnership consisted of farm, farm lands, machinery, implements, horses, cattle, coal, bailing ties, gas and motor oil—

"Mr. Gooding: I object to it and move it be stricken out because he is simply giving his conclusion and not the substance of the agreement as asked for.

"The Court: As I understand, he is giving the substance of it.

"Mr. Gooding: I didn't so construe the language.

"The Court: Overruled.

"Mr. Gooding: Exception.

"The Witness: Well, that was the amount it would cover, and went on to specify that they were partners in all of those things and at the death of one the other would become sole owner of the property."

The foregoing constitutes the only evidence offered with respect to the alleged provision for the survivorship relied upon by the plaintiff. While counsel's questions in due form called for a recital of the substance of the purported agreement and one of the witnesses called her statement the substance of the contract, it seems to us that the testimony inescapably must be declared mere conclusions of the witnesses with respect thereto. The state of Mr. Johnson's memory on the subject is well exemplified by his answer to the question: "Have you given the entire substance of that agreement?" in the following words: "No. No, I couldn't do that; in that length of time I couldn't tell you the whole thing, only it was entering into a partnership."

We do not question that both these witnesses were attempting to tell the absolute truth. The weakness of their testimony does not rest in any wilful falsity, but lies in their apparent inability to recall or state the substantial substance of the agreement as written, as distinguished from their conclusion of the legal effect of the questioned provision. This weakness obviously is augmented by the time elapsing since they say they read

the agreement, and their original lack of technical ability to understand the instrument. In other words, their testimony may be considered as establishing the fact that there was a partnership agreement, but for the reasons mentioned, is inadequate as a basis for a legal declaration by a court that the agreement created a survivorship with the effect claimed here. Such testimony comes within the inhibition of the rule announced in *Toomey v. Casey*, 82 Ore. 71, 160 Pac. 583, where it was held that secondary evidence as to the contents of an instrument must give its language, and a statement of the witness of his conclusions as to its legal effect, is not sufficient.

Our reluctance to accept this evidence as establishing the claimed right of survivorship also is founded upon a consideration of the general principles relating to the law of partnership, and the assumption that a partnership agreement between the plaintiff and decedent was in fact signed by them. It is well known legally that in all partnerships there is a survivorship which is peculiar to this relationship. The death of a partner invests the surviving partners with the exclusive right of possession and management of the whole partnership property and business, but only for the purpose of closing the partnership affairs, and, as every lawyer knows, it is not uncommon for copartnership agreements to provide how the surviving partner or partners shall conduct or close up the business. We cannot accept the conclusions of these witnesses, drawn from a single reading of the partnership agreement, and inexperienced as they doubtless were in legal phraseology, that a provision for the ordinary survivorship incident to all partnerships, had the legal effect of creating the absolute survivorship here contended for by plaintiff.

The trial court properly permitted a wide latitude in the admission of evidence in an effort to ascertain the relation of the parties and the circumstances surrounding the transaction before and after the execution of the alleged partnership agreement. Admitting

that a partnership existed, the *conduct* of the parties, as distinguished from the alleged admissions of the decedent, which will be discussed later, fortify our conviction that the evidence was insufficient to sustain the claim of survivorship. In this connection it must be borne in mind that under the doctrine of survivorship, the vesting of the interest of the deceased in the survivor takes place at the instant of death. The right of a survivor is preferred above any devise or testamentary conveyance which the decedent can make, and any attempt to devise property affected by survivorship is inconsistent with such status. The uncontradicted evidence discloses that on June 23, 1913, the alleged date of the partnership agreement, the plaintiff deeded a one-half interest in a ranch property standing in her name to the decedent and decedent coincidentally deeded a one-half interest in his ranch property to plaintiff *without the right of survivorship* and no mention of such an estate is made in the conveyances of the other involved lands. Mr. Clark, an attorney at Leadville, testified that in 1922, upon an occasion when decedent was ill in a hospital in Leadville, the witness, at the request of the decedent, drew a will which, however, apparently was not executed. The terms of this proposed will were entirely inconsistent with the idea of a survivorship existing with reference to the property of the partnership. It is conceded that subsequent to the death of the decedent, the plaintiff produced from a strong box kept in the residence occupied by the parties, two envelopes containing respectively a document designated as the last will and testament of decedent and a will previously executed by plaintiff. A copy of the purported will of decedent was introduced in evidence in this case, the original having been filed, but not yet probated, in the county court of Lake county. The terms of this purported will are likewise inconsistent with the asserted survivorship. What plaintiff's will provided is not disclosed by the record. In the absence of any showing that her will covered other prop-

erty, her action in its execution must be presumed to be inconsistent with the survivorship arrangement asserted by her.

■ Without elaborating further on the evidence, it seems certain that there is nothing in the previous conduct of the parties which would indicate the existence of a survivorship of the character claimed by plaintiff. During the Feudal period in England as furthering that system, survivorship was looked upon with favor, but its doctrine is not consistent with American law, has been forbidden by statute in many states, and in all jurisdictions in the United States is looked upon with disfavor. Colorado's policy on the subject is well exemplified by our statute, section 4, chapter 40, '35 C. S. A., placing strict requirements on grants, conveyances or devices attempting to create joint tenancies with their incident right of survivorship. This statute was adopted in 1861 and as is pointed out in *State v. Reindl*, 94 Colo. 222, 29 P.. (2d) 639, has since exemplified our attitude respecting tenures involving survivorship. This status is not altered in any degree by the case of *Thimgan v. Mathews*, 74 Colo. 93, 219 Pac. 211, which had to do with the admissibility, and not the sufficiency, of evidence to establish a joint tenancy.

It may well be feared that a court decree upholding this disapproved doctrine upon the inconsiderable showing disclosed by this record, would open a way for designing persons to defraud the rightful heirs of deceased persons and will amount to brushing aside of all presumptions which have arisen in American jurisprudence attendant upon circumstances such as those here presented. The descent of real property has long been surrounded by formal safeguards in the matter of definitely prescribed legal steps and their adequate proof, and any departure from this practice, the result of mature experience, must be supported by clear and convincing evidence.

■ A considerable part of the testimony relied upon

by plaintiff consists of a recital of verbal admissions claimed to have been made by the decedent during his lifetime, which it is contended supports the theory of a survivorship. These purported declarations and admissions, while generally indicating the existence of a continuing partnership, fall far short of suggesting anything beyond the usual survivorship incident thereto. Testimony of this character has been characterized by this court in the case of *Swedish Church v. Benson, supra,* as the weakest of all evidence, and under the state of this record is insufficient to comply with the rule of strict proof required on this issue.

As heretofore indicated, it is our conclusion that the evidence supports the allegations of the complaint with reference to the existence of a partnership and is amply sufficient to justify the court's imposing a resulting trust in favor of the partnership upon the property designated by the trial court and standing in the name of decedent at the time of his death, and so much of the judgment is affirmed. The plaintiff's alleged claim of survivorship, however, must be denied.

The cause is remanded with directions to the trial court to enter a proper decree in accordance herewith, the parties to pay their own costs in this court.

MR. JUSTICE BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE HOLLAND dissent.