No. 22419.

WILLIAM G. SCHUST *v.* ALTON L. PERINGTON AND LEE T. RICHARDSON.

(453 P.2d 599)

Decided April 28, 1969.

Darwin A. Coit, for plaintiff in error.

Hyman D. Landy, Forest E. Clark, Jr., for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.*

As plaintiff in the trial court William G. Schust sought to recover the sum of $25,079.90 which he alleged to be due and owing from Alton L. Perington and Lee T. Richardson under the terms of an oral contract entered into in January 1962. The two defendants denied that any contract had been entered into between them and Schust. Moreover, they alleged that Schust could not recover from them in any event for the reason that the contract, being an oral agreement, was void under the statute of frauds. The particular section of that statute which the defendants relied on is C.R.S. 1963, 59-1-12 (c), which requires that "Every special promise to answer for the debt, default or miscarriage of another person" shall be in writing.

At the conclusion of the evidence offered by Schust the trial court entered judgment in favor of Perington and Richardson. The record clearly shows that the trial court based its judgment exclusively upon the ground that the contract, as testified to by the witnesses for Schust, was void under the provisions of the statute above cited.

---

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5 (3) of the constitution of Colorado.

The evidence offered by Schust, briefly stated, was as follows: that prior to January 1962 he was president and in full control of Institutional Distributors Inc., a Colorado corporation; that the company was in financial difficulties; that Schust was himself a creditor of the company to the extent of approximately $25,000; that Perington and Richardson were very familiar with the business and undertook to get it back on its feet on the following conditions which were orally agreed to by Schust on the one hand and Perington and Richardson on the other: (1) Richardson and Perington would attempt to get an agreement with the creditors of the corporation under which all claims, except the amount due Schust, would be settled at 60 cents on the dollar; (2) if such an agreement could be reached Schust would subordinate his claim to those of all the other creditors and would receive nothing until all other creditors had been paid off at 60% of face value; (3) after liquidation and settlement of all other claims Richardson and Perington would then compensate Schust for turning over the business to them and subordinating his claim to all others in one of two ways at their option.

One of the alternative methods of compensating Schust was that in the event that Richardson and Perington elected to organize a new corporation each of them would contribute $10,000 in new capital (cash or merchandise) for stock in the corporation, and Schust would receive $10,000 worth of stock in the new corporation without the investment of cash; and furthermore, Schust would also be given a promissory note payable on demand, signed by Richardson and Perington, for the remaining amount of his claim against Institutional Distributors, Inc., which would be approximately $15,000.

The other alternative was that, if no new corporation was organized to take over the business, or if Schust was permanently eliminated as a participant in the business, then Richardson and Perington would give him a promissory note for the full amount of his claim against In-

stitutional Distributors, Inc. "payable on demand," but not until the other creditors were satisfied.

■ Schust testified that in reliance upon these promises of Richardson and Perington he performed the following acts: he resigned as an officer and director of the corporation; he endorsed and delivered his stock to an attorney for proper transfer; he turned over all assets to Richardson and Perington; and he signed a written agreement to subordinate his claim which became a part of the offer of 60% settlement which went to all creditors over the signatures of Richardson and Perington and was thereafter accepted by all of those creditors. There is no dispute between the parties concerning the fact that all creditors, other than Schust, compromised their claims against the corporation and received 60% of the original face value thereof as a result of the activity of Perington and Richardson. The evidence offered by Schust viewed in the light most favorable to him was sufficient to establish the fact that he had fully performed all the acts required of him under the oral contract on which he relied. The defendants may conceivably overcome the effect of this testimony, but issues of fact would then be presented requiring court findings based upon the evidence.

■ Concerning the alternative promises to compensate Schust, assertedly made by Perington and Richardson, the trial court said:

"* * * The court finds that if either of these agreements were made, that they would be void pursuant to Chapter 59, Article 1, Section 12, Subsection (c) Colorado Revised Statutes 1963."

In reaching this conclusion the trial court erred. Assuming arguendo that the alleged promises of the defendants amounted to a "special promise to answer for the debt * * * of another person," the full performance on the part of Schust of the acts required of him under the oral agreement would remove the case from the statute of frauds.

█ Numerous decisions of this and other courts of last resort might be cited in support of the doctrine that, although a contract may have been void under the statute of frauds, nevertheless, if it has been fully performed by one of the parties it is binding on the other party. It is sufficient to direct attention to three opinions of this court which adopt this rule: *Foster v. Coffey*, 71 Colo. 171, 204 P. 900; *Sackett v. Rodeck*, 75 Colo. 425, 226 P. 295; *Vanderwark v. Widman*, 79 Colo. 82, 243 P. 622.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.