[Civil No. 582.  Filed February 23, 1898.]

[52 Pac. 364.]

JANE G. LATIMER, Defendant and Appellant, v. JOSEPH
H. HAMILL, Administrator of the Estate of Frank D.
Johnson, Deceased, Plaintiff and Appellee.

1. PLEADING—DEMURRER—SEPARATE ANSWERS—JUDGMENT ON PLEADING.
—In an action of ejectment it is error for the trial court, upon
sustaining a demurrer to a separate defense of an answer, to grant
a motion by plaintiff for judgment on the pleadings, where there
still remains a plea of "not guilty" and a plea of the statute of
limitations.

2. SAME—ANSWER—SUFFICIENCY — REAL PROPERTY — ORAL EXECUTORY
CONTRACT TO CONVEY LAND PARTLY EXECUTED—STATUTE OF FRAUDS
—POSSESSION—IMPROVEMENTS.—An answer to a complaint in eject-
ment states facts sufficient to constitute a good defense where it
alleges a part performance of an oral executory contract for a deed
to the land described, taking it out of the statute of frauds, and
that the party making the defense has been in the notorious and
exclusive possession of the property under the contract, and in pur-
suance of the same has made lasting and valuable improvements
thereon.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Gila. Owen
T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

Edwards & Stoneman, for Appellant.

The plea of not guilty was only an admission that the de-
fendant was in possession of the premises sued for, and puts
the plaintiff upon proof of every other material allegation not
otherwise specially admitted in the answer.   Rev. Stats.,
par. 3143.

A plea of not guilty is not subject to a demurrer any more
than a general denial to a complaint in a suit upon an open
account.

An equitable title of such character as entitles a holder to
possession is a defense to an action brought by the holder of
the legal title.  *Hyde* v. *Mangan,* 88 Cal. 319, at 325, 26 Pac.

180; *Hicks* v. *Lovell,* 64 Cal. 17, 49 Am. Rep. 679, 27 Pac. 942; *Whittier* v. *Stegge,* 61 Cal. 238.

A vendee in possession under an executory contract the conditions of which have been by him fully performed has an equitable title and a good defense against the legal title in a suit of ejectment. *Helm* v. *Wilson,* 76 Cal. 476, 18 Pac. 604; *Talbert* v. *Singleton,* 42 Cal. 390.

Permanent improvements made in good faith, under a parol contract to convey land, is a good defense to an action of ejectment. *Hardesty* v. *Richardson,* 44 Md. 617, 22 Am. Rep. 62; *Mackall* v. *Mackall,* 135 U. S. 167, 10 Sup. Ct. 705; *Neal* v. *Neal,* 76 U. S. 12.

Peter R. Robertson, for Appellee.

In this case there was no prejudicial error, unless appellant's alleged equitable estate was a valid defense to the action.

The verbal contract set up by appellant is within the statute of frauds. Rev. Stats., secs. 1865, 2030.

To enable defendant to successfully set up a contract to defeat the action, the contract set up must be such as she could have enforced against the deceased (Adams on Equity, 8th ed., 22), and as the alleged contract set up in her answer herein is void, as being within the statute of frauds, and not such a contract as she could have enforced against the deceased (*May* v. *Sloan,* 101 U. S. 231), she cannot enforce it against the administrator.

SLOAN, J.—Appellee, Joseph H. Hamill, in his character as administrator of the estate of Frank D. Johnson, deceased, sued the appellant in ejectment for the possession of lots 12 and 19, in block 79, in the town of Globe. The complaint was in the usual form. A default was taken against appellant, which was subsequently set aside on her motion, and leave granted her to answer the complaint. A demurrer to her original answer having been sustained, by leave of the court appellant filed an amended answer. This amended answer contained a number of defenses to the action,—the first being the plea of "not guilty"; the second set up the plea of the statute of limitations; and the third, stripped of its unnecessary verbiage, in substance set up the following facts: That

about the first day of January, 1888, appellant and Frank D. Johnson, deceased, made and entered into an executory contract, under the terms of which it was mutually agreed that the said Johnson would convey to the appellant, by good and sufficient deed, part of the premises described in said complaint,—to wit, lot No. 19,—upon the performance by the appellant of certain conditions,—to wit, that the appellant should cause to be made and placed upon said premises permanent, valuable, and lasting improvements, consisting of a suitable dwelling-house for her and her two children to reside in, and, in addition thereto, to cause to be sunk and made thereon a well containing permanent water for domestic and other purposes, and that the appellant should repair and add to a certain one-room adobe house other rooms, together with good and sufficient roof thereon, and keep said improvements in repair; that thereupon said Johnson would, in consideration of the making and placing upon said property the improvements aforesaid, execute and deliver to the appellant a good and sufficient deed to such property; that the appellant, relying upon said contract and promises so made as aforesaid by the said Frank D. Johnson, deceased, and in pursuance thereof, erected and placed upon said lot, during the lifetime of said Johnson, valuable and lasting improvements, consisting of a dwelling-house of two rooms, in addition to the one-room adobe house hereinbefore mentioned, and caused to be added to said two rooms, and also to the one-room adobe house aforesaid, a good and sufficient roof thereon, at an expense of $278; that she, in addition thereto, caused to be sunk and made on said property, at an expense of $153, a good well, containing water sufficient for domestic and other purposes; that the improvements so made as aforesaid were and are a just and adequate consideration for the conveyance to her of said premises by said Frank D. Johnson, deceased, and that she has never been reimbursed on account of the same; that at the time appellant took possession of said lot No. 19 there were no improvements upon the same, save and except a partly-erected adobe house, not to exceed in value the sum of ten dollars, and that whatever value it now has is on account of the improvements made and put upon the same as aforesaid by the appellant; that ever since the date of said contract appellant has been, and now is, in the open, notorious, and

exclusive possession and occupancy of said lot No. 19, having
made valuable and lasting improvements thereon as aforesaid,
and claiming to own the same under said contract; that said
Frank D. Johnson, deceased, during his lifetime, had repeat-
edly stated to appellant and to other persons that he intended
to convey to appellant the said lot by good and sufficient deed,
and well knew of the improvements put upon the said prop-
erty by appellant as aforesaid at the time the same were
placed thereon, and acquiesced in the same, and advised the
same, and they were recognized by him as a full performance
on the part of the appellant of the contract so made as afore-
said between the deceased and appellant; that, while confined
to his deathbed, said Frank D. Johnson, deceased, repeatedly
declared in the presence of witnesses his intention to execute
and deliver to the appellant a deed of conveyance to said lot,
and stated that the appellant was entitled to, and ought to
have, a deed to the property aforesaid; and that, in the event
he did not so execute and deliver to the appellant a good and
sufficient deed to said property, he requested that the prop-
erty aforesaid should pass to the appellant and become her
property in pursuance of the contract so made during his
lifetime.  A demurrer to the third defense contained in said
amended answer was sustained by the court below.  There-
upon the appellee moved for judgment upon the pleadings,
which motion was granted, and judgment was entered there-
upon against appellant for the possession of the property sued
for.  From this judgment, and the order sustaining appellee's
demurrer to the amended answer, appellant brings this ap-.
peal.

Even if the demurrer to the third defense set up in appel-
lant's amended answer had been properly taken, no judgment
should have been entered upon the pleadings, for the reason
that there were still left issues to be tried by the court,—that
of the general issue made by the plea of "not guilty," and that
of the plea of the statute of limitations.  An examination,
however, of the third defense made in the answer discloses
that the facts therein stated were sufficient to constitute a
good defense to the action, so far as it related to a part of the
premises sued for,—to wit, lot 19.  A part performance of an
executory contract, even though not reduced to writing, is
sufficient to take the contract out of the provisions of the

statute of frauds. This is true where the party setting up the defense has been in the notorious and exclusive possession of the property under the contract, and in pursuance of the same has made lasting and valuable improvements thereon which are beneficial to the estate and an expense to the maker. The law upon this question is too well settled to require citations of authority. We hold, therefore, that the court erred in sustaining the demurrer to the third defense in appellant's amended answer, and in awarding judgment upon the pleadings. The cause is reversed, and the court below is directed to overrule the demurrer to appellant's amended answer, and grant a trial upon the merits.

Street, C. J., Doan, J., and Davis, J., concur.