[Civil No. 2308.     Filed January 3, 1925.]

[231 Pac. 923.]

JOHN CHUK and B. E. MARKS, Appellants, v. THEODORE KATICH, Appellee.

1. QUIETING TITLE — ALLEGATIONS OF PLAINTIFF'S POSSESSION OR RIGHT TO POSSESSION, AND NEGATIVING TRANSFER OR ENCUMBRANCE, ARE SUPERFLUOUS AND NEED NOT BE PROVED.—Allegations in complaint of plaintiff's possession or right to possession, and negativing transfers and encumbrances, are superfluous, under Civil Code of 1913, paragraph 1623, and defendant's motion for judgment based upon such failure of evidence thereon was properly disallowed.

2. ESTOPPEL—OWNER OF MINE HELD NOT ESTOPPED TO CLAIM TITLE AS AGAINST JUDGMENT CREDITOR OF ONE CLAIMED TO BE PURCHASER.—That owner of mines may have been negotiating a sale, and had placed deed in escrow to be delivered on fulfillment of conditions, does not estop owner from asserting title as against

the purchaser's creditor, where sale was not completed, and there was no act, word or conduct of owner to mislead such creditor whose claim was based on judgment for personal injury.

See (1) 31 **Cyc.**, p. 684; 32 **Cyc.**, pp. 1352, 1367.  (2) Estoppel, 21 **C. J.**, pp. 1126, 1133.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  John J. Sweeney, Judge. Affirmed.

Mr. B. E. Marks and Mr. R. E. Morrison, for Appellants.

No appearance for Appellee.

ROSS, J.—The appellee brought this action against the appellants for the purpose of quieting his title to five mining claims situate in Black Rock and Blue Tank mining districts, Yavapai county, Arizona, alleging in his complaint that he was the owner by virtue of a certain deed of conveyance dated January 31, 1917, and recorded in the office of the county recorder of Yavapai county, and that defendants claimed an estate or interest in said mining claims adverse to plaintiff.

The defendants' answer was a denial of the plaintiff's ownership of mines and an affirmative assertion of title in themselves by reason of a sheriff's deed of said mines to defendant John Chuk dated March 10, 1920; the latter conveying a half interest to defendant Marks.  There is also set out in the answer what defendants call an estoppel.  This defense we will state more fully later on in this opinion.

The case was heard by the court without a jury. The findings of fact, the conclusions of law, and judgment were in favor of plaintiff.  The defend· ants appeal and assign as error: First, the court's

refusal of defendants' motion for judgment when plaintiff rested. The plaintiff in support of his complaint introduced in evidence a sheriff's deed, corresponding to the instrument of conveyance described in his complaint, as his source of title, and rested. He had alleged in complaint that he was the owner and entitled to the immediate, exclusive and undisturbed possession of mining claims, and that he had never transferred, conveyed, assigned or encumbered said property. When plaintiff rested he had shown that the legal title of property was in him, but had offered no evidence of immediate and exclusive right of possession or that he had not transferred or encumbered it. Defendants claim plaintiff's failure to support all these allegations with proof entitles them to a judgment of dismissal on motion. In other words, having alleged them, he must prove them or fail.

The action to quiet title is statutory, and it is not essential that plaintiff be in possession or entitled to possession in order to maintain the action. The statute says "anyone having, or claiming, an interest therein (real property), whether in or out of possession of the same," may bring an action to quiet his title against any person or corporation claiming any estate or interest adverse to him. Paragraph 1623, Civ. Code 1913; *Oliver* v. *Dougherty,* 8 Ariz. 65, 68 Pac. 553. The allegations unsupported by evidence were not essential to the right of action to quiet title. They were superfluous and not necessary to be established by evidence, and the motion to dismiss was properly disallowed.

The other assignments are directed at the findings of fact and conclusions of law, and in order to get a proper understanding of them it will be necessary to state some of the evidence which was submitted in support of the plea of estoppel.

Prior to January 31, 1917, the mining claims involved were owned and operated by the Golden State Mining & Milling Company, a corporation. On April 24, 1915, it gave to plaintiff its demand note for $5,000, bearing interest at six per cent per annum, and to secure the payment thereof executed its mortgage on mining claims; the resolution of the board of directors showing the consideration for the note to be $5,000 cash advanced to the mining company in protecting, working and developing its mining property. In July, 1915, plaintiff Katich brought suit to foreclose mortgage, in which suit he was successful. The property was sold under execution in July, 1916, and on January 31, 1917, no one having redeemed, a sheriff's deed was executed and delivered to Katich. In the meantime, some four months before the period of redemption had expired, the Tres Metales Mining Company took possession of mining claims and operated them. This company was organized and officered by some of the stockholders and officers of the Golden State Company, but there is an entire absence of showing that the plaintiff Katich had anything to do with its organization, or the working and operating of mines by it. The record fails to disclose what, if any, arrangement the Tres Metales Company had made with the Golden State Company as to its taking possession of mines and working them. Whether it was as lessee, or owner, or how, is not shown. The defendant John Chuk, on July 1, 1917, while working in mines for the Tres Metales Company, was injured. He sued the company and recovered judgment for $2,750, and at an execution sale of mines under his judgment he bid mines in and in due course received a sheriff's deed. Thus it is seen the plaintiff Katich deraigns his title from the Golden State Company, the admitted owner; and defendants Chuk and Marks deraign their

title from the Tres Metales Company, which was without title.

It is obvious from this statement that plaintiff should recover in this action, unless by his conduct or actions he has forfeited that right. It is quite conceivable that the Golden State Company might under circumstances be denied the right of asserting its title to mines as against a creditor of the Tres Metales Company by its acquiescence in the latter's entry upon and operation of mines; but how such estoppel could be extended to reach a judgment creditor of the Golden State Company has not been explained to our satisfaction. It is asserted a deed from plaintiff to Tres Metales Company was in existence during the time the latter was operating mines. And the attorney who attended to the organization of the latter testified he had in his possession at one time a deed from Katich to the Tres Metales Company, or the Tri-Metallic Company; but he was not certain which. He says it was never delivered to the Tres Metales Company, and he could not say it was Katich's deed. We think no presumption based on these facts should be indulged other than that Katich may have been negotiating a sale of mines to the Tres Metales Company, or the Tri-Metallic Company, and had placed deed in escrow to be delivered upon conditions fulfilled. This should not estop him from claiming his property against the Tres Metales company or its creditors. The defendants by an examination of the county records could have informed themselves of the condition of the title to the mines, and the court records would have shown them that the plaintiff was in the course of obtaining title thereto through the collection of his debt against the Golden State Company. We are at a loss to know what act, omission, or representation of Katich misled defendant Chuk, to his injury. It is not shown

that he induced Chuk, by word, act or conduct, to work for the Tres Metales Company, or that he would not have worked for the company had he known it had no title or interest in mines.

Another fact upon which defendants rely in part for their estoppel is that Katich was a friend of the president and superintendent of the Tres Metales Company, and, it is said, was acting with said officer to defeat defendants in the collection of their judgment. But if this be granted, although there is no proof of it, it would not help to establish an estoppel. The inducing cause of defendant Chuk's working for the Tres Metales Company—and it was while he was so engaged that he was hurt—was the wages he was receiving from it, and not because of anything said or of any omission or representation by plaintiff Katich.

It is said that there are three general classifications of estoppel, namely: By matter of record, by matter in writing and by matter *in pais.* 21 C. J. 1062, § 18. It is plain the facts of this case do not bring it within the first two. If they give it any standing at all, it is under the third classification. Estoppel *in pais* is founded on consent, actual or constructive. The party claiming the right to interpose an estoppel must show, among other things, that his adversary by act, omission or representation caused him to take a step in a business deal or transaction he otherwise would not have taken. The foundation of defendants' claim of title to mines grows out of a personal injury to defendant Chuk, the very nature of which forbids consent. If he consented to his own injury or mutilation, he could not recover under either the common-law action for damages for personal injuries or the Employers' Liability Law. It is not pretended that plaintiff did or said anything, or omitted to do or say anything, that caused the

accident in which defendant Chuk was injured. Counsel for defendants have not called our attention to any case, and we have found none, where the doctrine of equitable estoppel has been employed to hold a party or his property liable in a personal injury case such as this. We do not believe the doctrine is applicable. Treating the defendants' answer as setting forth sufficient facts to constitute an estoppel, it seems quite clear that they have wholly failed to support it by evidence.

The judgment of the lower court was properly rendered in favor of the plaintiff, and, no error appearing, such judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.