[Civil No. 3049. Filed November 9, 1931.]

[4 Pac. (2d) 908.]

L. B. FLOYD and MAELDA J. FLOYD, Appellants, v. GEORGE D. HORNBECK and MARY E. HORNBECK, Appellees.

Mr. V. L. Hash, for Appellants.

Mr. John C. Lee and Mr. Lemuel P. Mathews, for Appellees.

LOCKWOOD, J.—George Hornbeck and Mary E. Hornbeck, his wife, hereinafter called plaintiffs, brought suit in the superior court of Maricopa county against L. B. Floyd and Maelda Floyd, his wife, hereinafter called defendants, setting up in substance that they were the owners in fee simple of certain real estate situated in Maricopa county; that they had entered into a written agreement with defendants for the exchange of said real estate for lands alleged by defendants to be owned by the latter; that the exchange was conditioned upon certain representations made by defendants as to their land; that the plaintiffs discovered such lands to be not as represented, and therefore refused to execute the contract, but that defendants had recorded the contract of exchange so that it created a cloud on the title of plaintiffs. The prayer for relief was that defendants give up said contract to be canceled, and that it be satisfied of record.

Defendants demurred generally to the complaint, and answered admitting the execution of the contract, but claiming that the property owned by them was exactly as represented, and that, by virtue of the agreement, defendants were the owners of the land described in the complaint and entitled to the possession thereof, and praying that plaintiffs take nothing by reason of their complaint. They further filed a cross-complaint setting up the contract, alleging that they had offered to perform their obligations thereunder, and asking for a judgment decreeing specific performance thereof. Plaintiffs demurred to the answer and to the cross-complaint, and replied, alleging particularly that defendants could not perform their agreement on account of failure of title. The demurrer to the cross-complaint was sustained, but the demurrers to the complaint and answer were overruled, and the case was tried before the court. Cer-

tain findings of fact were made, and upon them judgment was rendered in favor of plaintiffs, quieting title to the premises as described, and from said judgment and the order denying the motion for a new trial this appeal has been taken.

There are four assignments of error which we consider in their order. The first is that the court erred in overruling the demurrer to plaintiffs' complaint. It is defendants' contention that the complaint does not set up sufficiently that plaintiffs were the owners of the property and entitled to the possession thereof. The allegation is that plaintiffs are the ''owners in fee simple,'' which we think sufficient to sustain an action to quiet title under our statute, since neither possession nor right to possession is required, as under the old rule. Section 4356, Rev. Code 1928; *Chuk* v. *Katich*, 27 Ariz. 182, 231 Pac. 923; *Bishop* v. *Perrin*, 4 Ariz. 190, 35 Pac. 1059.

The second assignment is that the court erred in sustaining plaintiffs' demurrer to defendants' cross-complaint. The minute entries do not show the ground upon which it was sustained, but it is apparently agreed by the parties that it was because the trial court held a cross-complaint for specific performance of a contract is not proper in an action to quiet title as against the same contract. If such be the ground upon which the demurrer to the cross-complaint was sustained, we are of the opinion the trial court erred therein. It is very generally held that in an action of ejectment, where the defendant relies on a contract for the conveyance of the land, he may set up such a contract in a cross-complaint, and sue for specific performance. *Travelers' Ins. Co.* v. *Walker*, 77 Minn. 438, 80 N. W. 618; *Dale* v. *Hunneman*, 12 Neb. 221, 10 N. W. 711. And we see no reason why, under our very liberal statutes regarding pleadings, the same rule should not prevail when the complaint is to quiet the title or to remove a cloud thereon.

The third assignment is that the court could not grant any relief under the prayer of plaintiffs' complaint. It appears from the minute entries that the complaint was amended after the close of the evidence. In the absence of a showing in the record as to the nature of the amendment, and following our rule that every intendment is in support of the judgment, we must presume such amendment made the pleadings conform with the proof offered, and the relief granted. *Kinney* v. *Neis,* 14 Ariz. 318, 127 Pac. 719; *Martin* v. *Bankers' Trust Co.,* 18 Ariz. 55, Ann. Cas. 1918E 1240, 156 Pac. 87.

The fourth assignment is that the findings of fact in the decree precluded the court from holding as a matter of law that the title was an absolute one in plaintiffs as against defendants. Since the reporter's transcript is not before us, we must assume the findings are supported by the evidence. *Scott* v. *Hurley,* 6 Ariz. 85, 53 Pac. 578; *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819; *Frame* v. *Mahoney,* 21 Ariz. 282, 187 Pac. 584. These findings were in substance as follows:

Plaintiffs and defendants entered into an agreement for the exchange of the lands referred to in the pleadings in this action on May 1, 1929, but the former refused to perform their part of the agreement. Thereafter defendants herein sued plaintiffs for specific performance, and at the trial of such suit on November 2, 1929, it appeared by defendants' own testimony that they were not then vested with title to the land they had agreed to convey, but that it was in one C. W. Hubbard and wife, and for that reason they were not in a position to perform their part of the agreement. On November 5, 1929, this suit was filed by plaintiffs, seeking to remove the cloud on the title, and thereafter and not until December 16, 1929, did defendants secure title to the premises which

they had agreed to convey, and for the first time were able to perform their part of the contract. The trial court further found they had delayed an unreasonable time in securing such title, and that plaintiffs had repudiated the contract before it was so secured by defendants.

We are of the opinion that on these findings plaintiffs were entitled as a matter of law to a judgment quieting their title in the premises in question. Because of the findings, notwithstanding the error of the trial court in sustaining the demurrer to defendants' cross-complaint, we think the case should not be reversed. The issue attempted to be raised by the cross-complaint and necessary to sustain it was fully presented to the trial court on the answer, and determined against defendants. The facts essential to such determination are matters of record, and could not be changed upon a new trial. Such being the situation, it would be a mere waste of time and money to reverse the case with directions to overrule the demurrer to the cross-complaint and retry the action when the ultimate judgment could be none other than the one which was actually rendered. We think this a proper case for the application of section 22 of article 6 of the Constitution. Since upon the whole case it appears that substantial justice has been done, we decline to reverse it because of the technical error in the proceedings above referred to.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.