[Civil No. 3837. Filed June 14, 1937.]

[69 Pac. (2d) 568.]

LEE O. NUTT, Appellant, v. VERN PRISER and ANNA SULLINGER as County Recorder of Pima County, Appellees.

Messrs. Kimble & McLean, for Appellant.

Mr. Joseph B. Judge, County Attorney of Pima County, for Appellee County Recorder.

ROSS, J.—Lee O. Nutt, a citizen of Pima county, Arizona, brought this action against Anna Sullinger as county recorder of Pima county to compel her to cancel the registration of Vern Priser as an elector, and has made Priser a party defendant as the law provides. The defendants demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and, plaintiff electing to stand on his complaint, the action was dismissed. Plaintiff has appealed and insists that his complaint stated a good cause of action.

The material allegations of the complaint are: That plaintiff is a resident of Pima county; that defendant Priser is registered in the Pima county recorder's office as a qualified elector of precinct No. 9, legislative district No. 1; that he has not resided in nor been a resident of such precinct for many months immediately prior to August 14, 1936, but, on the contrary, has his residence in precinct No. 14, legislative district No. 2, at 743 East Drachman Street, Tucson, and has maintained said residence for many months immediately prior to August 14, 1936. Then follows the allegation that plaintiff made written demand on defendant Sullinger as county recorder on August 13, 1936, to cancel such registration and her refusal to do so. Wherefore it is prayed that such recorder be ordered to cancel Priser's registration.

That portion of the election law regarding registration and the cancellation of electors' registrations is found in chapter 62, Laws of 1933 (as amended by Laws 1935, chap. 94). See, also, Revised Code Sup-

plement Arizona 1936, §§ 1160 to 1179, inclusive, from which we cite. Section 1178 reads:

"§ 1178. *Compelling cancellations.* Upon the demand first being made in writing therefor, and refusal so to do, any person may bring an action in the superior court to compel the recorder to cancel an entry made on the register illegally, or that should be cancelled by reason of facts occurring subsequent to the time of such entry, but if the person whose name is sought to be cancelled be not a party to the action, the court may order him to be made a party."

██ Under this section the court may order the cancellation of the voter's registration, (1) when such registration is "illegally" made, and (2) when the registration is legally made but subsequent facts occur requiring its cancellation. There are no facts alleged in the complaint showing that Priser was not, at the time of his registration, entitled to be registered. So far as the complaint is concerned, he possessed all the qualifications of an elector prescribed by section 1160, including residence in precinct No. 9. If, then, his registration should be canceled, it is "by reason of facts occurring subsequent to the time of" his registration. The complaint alleges Priser's residence, for many months immediately prior to August 14th, had been in precinct No. 14. If that is true, and we must accept it as true for the purposes of the demurrer, his registration should have been changed from precinct No. 9 to precinct No. 14, as provided in sections 1167 and 1168, if he wanted to maintain his right to vote. Under such sections any elector, who removes from the precinct in which he is registered thirty days or more preceding an election, may, upon making an application to the county recorder or a justice of the peace showing the facts, have his registration changed to the precinct to which he has removed, and he must secure this change of registra-

tion in order to vote. But, if he removes less than thirty days preceding an election, he may vote on his registration in the precinct from which he has removed. Section 1173.

The defendants contend that even admitting that Priser could not vote on his registration in precinct No. 9, having removed to another precinct more than thirty days preceding an election, the county recorder has no power to cancel such registration on his own motion; the law nowhere authorizing him to do so. In other words, that there is no way provided by the law to secure the cancellation of Priser's registration in precinct No. 9 except upon his application showing that he has removed to another precinct.

 Section 1177 enumerates the cases in which a county recorder must cancel registrations. Such section reads:

"§ 1177. *Registration which shall be cancelled on register.* (a) The recorder shall cancel a registration: 1. At the request of the party registered, because of change of residence from one county to another or because of change of party affiliation; 2. when he knows of the death or removal of the person registered; 3. when the insanity of the person registered is legally established; 4. when the person registered has been convicted of a felony, and the judgment of conviction has not been reversed or set aside; 5. upon the production of a certified copy of a judgment directing a cancellation to be made; 6. upon a certificate of the board of election of any precinct sent up with the election returns, stating the death or removal from the county within their own knowledge of the person registered.

"(b) Every judge before whom proceedings are had resulting in a person being declared incapable of taking care of himself and managing his property, and for whom a guardian of his person and estate is appointed, or resulting in such person being committed as an insane person, shall file with the county recorder

a certificate of such fact, and the recorder shall cancel the name of such person upon the register.''

This section does not make it the duty of the county recorder to cancel an elector's registration upon the demand of a third person upon the ground that such elector had removed from the precinct where registered thirty days or more before the demand. He may cancel such registration only upon the application and showing by the elector as provided in sections 1167 and 1168. Neither the recorder nor the superior court can exercise the power of cancellation of a registration except where specifically authorized to do so. All their powers in that regard are statutory and they may not assume power not conferred by statute. The county recorder's power to cancel a registration because of a change of residence from one county to another is dependent upon a request by the elector. Subdivision (a) 1, § 1177. Likewise, where the change is from precinct to precinct. Sections 1167 and 1168.

We think the demurrer was properly sustained, and for that reason the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.