[Civil No. 3925.  Filed February 16, 1938.]

[76 Pac. (2d) 231.]

HATTIE L. MOSHER, Appellant, v. E. POWER CONWAY, Appellee.

276

Mr. John W. Ray, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellee.

ROSS, J.—E. Power Conway, as plaintiff, brought this action to quiet his title to lots 6 and 7 in block 14, East Evergreen addition to the city of Phoenix, and made Hattie L. Mosher, James Dean Collins, Coit I. Hughes, and a number of others defendants. Judgment went in favor of plaintiff and against all of the defendants. Defendant Hattie L. Mosher only has appealed.

Defendant Mosher filed a general demurrer and a general denial, and alleged in her answer to the complaint that she was the owner of said lots. In due course she demanded a jury trial, but on the day set for the trial did not appear. The plaintiff introduced

his evidence, consisting of two deeds, one for each of said lots 6 and 7, executed by the city treasurer of the city of Phoenix to plaintiff, and rested, and, no evidence being offered by defendant Mosher or any other defendant, on motion of plaintiff the court instructed the jury to return a verdict for plaintiff.

Defendant Mosher filed a motion for a new trial which was overruled.

■ She assigns as error the order overruling her general demurrer. The statute provides what the complaint in an action to quiet title shall contain. It reads:

"The complaint must be under oath; setting forth generally the nature and extent of the plaintiff's estate, and describing the premises; stating that he is credibly informed and believes the defendant makes some claim adverse to the plaintiff; praying for the establishment of the plaintiff's estate, and that the defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to the plaintiff." Section 4357, Rev. Code 1928.

The complaint conforms with this statute. The nature and extent of plaintiff's title is described as "in fee simple, free and clear of encumbrances." As we understand defendant, she contends this allegation is but the conclusion of the pleader. It is more than that. It is an allegation of an ultimate fact. The demurrer was properly overruled. *Floyd* v. *Hornbeck,* 39 Ariz. 178, 4 Pac. (2d) 908.

■ Defendant next claims the superior court, after April 11, 1936, had no jurisdiction to try the case because on that day, on a motion of James Dean Collins, the court ordered the case removed to the United States District Court. The record shows that such an order was made but beyond that is silent as to what was done in pursuance thereof. However, after that date defendant filed a motion to make the complaint more definite and certain. Later, in open

court, she demanded a jury trial, and thereafter filed an answer to the complaint. In her motion for a new trial no mention of the removal of the case is made. In view of this situation, we think we should assume that, if the order of removal was carried out, the United States District Court must have ordered the case remanded to the state court, for the plaintiff and defendant and the superior court after the order of removal acted as though the order, for some reason or other, was set aside or had become ineffectual. This probably is due to the case being remanded. 23 R. C. L. 832, § 201. On consent of all the parties the jurisdiction could, if lost, be resumed. If the court had no right to exercise jurisdiction over the case, good faith and fairness on defendant's part should require that she make some objection to the court's trying the case. The objection comes too late when presented for the first time in this court. *City of Glendale* v. *Coquat,* 46 Ariz. 478, 52 Pac. (2d) 1178, 102 A. L. R. 837.

█ Defendant complains that only constructive service of process was had on James Dean Collins and that such service is insufficient in an action to quiet title. If Collins were here complaining, we might consider the question raised. Defendant's appeal does not require an examination of a question that might affect the rights of a nonappealing defendant.

█ Another assignment by defendant is as follows:

"There was not proof of any fact save the execution of deeds by the city officer to the plaintiff to the property when there was no evidence or legal presumption that that city official had title or right and also there was no proof of any judicial sale or that plaintiff Conway was a purchaser at any sort of sale or that plaintiff Conway was the assignee of a purchaser at any sale. The recitals in the deeds (the only testimony introduced) recites that Conway is entitled 'by subrogation' to some right. That is a legal conclusion of a matter of law with the facts not stated

and is erroneous. Conway is not entitled by subrogation nor by assignment nor at all of any right of Hughes who is recited to have been a purchaser at some sale.''

The deeds referred to were made in pursuance of the provisions of title 7, chapter 13, paragraph 1953 et seq., Civil Code, Revised Statutes of Arizona 1913, and acts amendatory thereto. Subdivision j of paragraph 1973 of said title and chapter reads as follows:

''The deed, when duly acknowledged or proved, is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for state, county, and municipal taxes.''

There was nothing to refute or question the *prima facie* case made by these deeds. The history of this case and the rights of the parties thereto are fully set out and discussed in *Mosher* v. *Conway,* 45 Ariz. 463, 46 Pac. (2d) 110.

There are some other assignments, but they are without merit or are covered by what we have already said, or are too elementary and simple to demand attention.

No error appearing, the judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.