[Civil No. 4703.   Filed June 25, 1945.]

[160 Pac. (2d) 342.]

DANIEL J. CONDON and ELIZABETH H. CON-
DON, His Wife, Appellants, v. ARIZONA HOUS-
ING CORPORATION, a Corporation, CHARLES
C. MILLER, Jr., and HELEN S. MILLER, His
Wife, Appellees.

Messrs. Moore, Romley & Roca, for Appellants.

Messrs. Rawlins & Rawlins, Mr. William G. Christy, and Mr. Arthur M. Davis, for Appellee corporation.

Messrs. Clark & Clark, for Appellees Miller.

MORGAN, J.—Plaintiffs brought action against the defendants to compel specific performance of sale to plaintiffs of lot 4, College Addition, an addition to the City of Phoenix, Arizona, with a dwelling house thereon. The facts alleged in their second amended complaint, so far as pertinent here, are as follows:

The corporate defendant was the owner of lot 4 and dwelling house thereon. During the month of October, 1942, it entered into a purchase agreement with plaintiffs "to sell to the plaintiffs and the latter to purchase from said defendant" the property above described "for a consideration of not less than $5200, nor more than $5500." The exact amount to be paid was to be arrived at within four months after plaintiffs obtained possession of the premises, by adding $500 to the balance then unpaid on an existing mortgage upon the premises in favor of the Valley National Bank. The price so determined to be payable at the expiration of such four months' period in the following manner: (1) In cash one-half of the difference between the agreed purchase price and the balance then due on the mortgage, upon which was to be credited a "key deposit" of $50 and monthly payments of $55 which plaintiffs were required to pay; (2) the remaining one-half of such difference with 6 per cent interest per annum in thirty equal monthly installments; and (3) by assuming and agreeing to pay the amount then due on the bank mortgage. At the expiration of the four months' period and upon the payment by plaintiffs of the amount specified in item (1), the corporate defendant agreed to execute and deliver warranty deed to plaintiffs with policy of title insurance, subject only to the mortgage and a lien for the amount specified in item (2).

On October 28, 1942, plaintiff took exclusive possession of the property, paying the corporate defendant $50 for a "key deposit" and $55 to apply on the purchase price and a like sum on or about the first of the

months of December, 1942, and January and February, 1943. They expended approximately $250 in making improvements, including a permanent fence, installing venetian blinds made to conform to the size of the windows, and landscaping the grounds. Possession was taken and improvements made with the knowledge and consent of the corporate defendant and in reliance on and pursuant to the agreement.

Prior to the expiration of the four months' period, and without the knowledge or consent of plaintiffs, the corporate defendant ''executed an instrument purporting to convey the said real property to'' the individual defendants who now claim title thereto. Plaintiffs have at all times been ready and willing to perform the contract. They made frequent oral and written demands in order that they might make proper tender of the amount on the contract price. They have demanded performance from defendants for the purchase of the property. Defendants refuse to perform.

At the time of the agreement of sale similar ''homes comparable as to price, age, size,'' construction and of suitable location were available to purchase. An acute shortage and scarcity of homes for purchase has arisen and existed since ''defendants' breach of said agreements'' and no comparable homes have been available. The ''defendants should be estopped from denying plaintiffs' right to complete said purchase and that defendants' refusal to perform their agreement amounts to a fraud upon the plaintiffs.'' Under protest and with reservation of their rights, plaintiffs ''with the intention that the same should apply on the purchase price'' paid the individual defendants the sum of $55 on the first day of the months of March, to and including November, 1943.

Defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be given, was granted by the court, without leave to amend.

The grounds of dismissal assigned by the court were "1. There was no contract in writing relating to said purchase; 2. The said contract was not to be performed within a year; 3. The allegations of the second amended complaint do not show that the minds of the parties ever met relating to the price to be paid for said premises." Judgment was thereupon entered in favor of the defendants, from which judgment and order granting the motion to dismiss plaintiffs have brought this appeal.

Since the facts alleged are presumed to be true, only two questions are presented by the appeal. (1) Are the admitted facts sufficient to take the parol agreement of sale out of the statute of frauds (Sec. 58-101, Arizona Code Annotated 1939, subdivs. 5 and 6)? (2) Do the facts as pleaded establish that the minds of the parties met with respect to the amount of the purchase price to be paid? These issues are raised by appropriate assignments of error made by plaintiffs and supported by the following propositions:

"I. Where, acting under an oral contract for the purchase of land, the purchaser with the assent of the vendor (a) makes valuable improvements on the land, or (b) takes possession thereof and also pays a portion of the purchase price, the purchaser may specifically enforce the contract.

"II. Where the parties to a contract for the purchase of land specify therein the purchase price to be paid or the means by which such price is to be determined, the minds of the parties have met with respect to the price; and the contract is sufficiently certain to be specifically enforceable."

■■ We have repeatedly held that against a demurrer or motion to dismiss, we must assume that the material allegations of the complaint are true. *Van Denburgh* v. *Tungsten Reef Mines Co.*, 48 Ariz. 540, 63 Pac. (2d) 647; *Berry* v. *Acacia Mut. L. Ass'n,*

49 Ariz. 413, 67 Pac. (2d) 478; *Nutt* v. *Priser,* 50 Ariz. 71, 69 Pac. (2d) 568; *Automatic Voting Mach. Corp.* v. *Maricopa County,* 50 Ariz. 211, 70 Pac. (2d) 447, 116 A. L. R. 320. The general rule is that where a demurrer or motion to dismiss has been sustained by the trial court, all reasonable presumptions will be made in favor of the propriety and sufficiency of the demurrer or motion. 5 C. J. S., Appeal and Error, § 1540, p. 301. Accordingly, we have held that the complaint will be construed strongly against the pleader, in order to support the trial court's judgment. In such case the only admissions which will be considered are the facts specifically pleaded or ''by necessary . . . implication set up therein.'' *Stewart* v. *Phoenix Nat. Bank,* 49 Ariz. 34, 64 Pac. (2d) 101, 107; *Dockery* v. *Central Arizona L. & P. Co.,* 45 Ariz. 434, 45 Pac. (2d) 656.

In addition to the facts specifically pleaded, and to which we have referred, it is our view that by necessary implication the complaint must be construed as setting forth the following facts: There was due on the Valley National Bank mortgage on February 28, 1943, the end of the four months' period, an amount which, when there was added $500, would aggregate a sum of not less than $5,200 nor more than $5,500, thus definitely fixing the purchase price as provided in the agreement alleged. This is the only inference that can be made if the terms of the agreement specifically alleged are to be given consideration, as they must. It must also be assumed that the individual defendants secured their conveyance to the property after the plaintiffs went into possession. This inference necessarily is to be implied from the specific facts alleged. The plaintiffs went into possession and made improvements, with the knowledge and consent of the corporate defendant, paid the ''key deposit,'' and made four monthly payments to it on the purchase price. Since fair dealing is presumed,

we cannot assume that the corporate defendant, after entering into an agreement of sale with plaintiffs, sold the property to a third party, then allowed plaintiffs to take possession, make valuable improvements, and accepted payments on the purchase price. The facts specifically alleged show that payments were not made to the individual defendants until the month of March. The necessary inference therefore is that the individual defendants had no interest in the property until the end of the four months' period.

■ Since the individual defendants acquired their interest in the property after the plaintiffs took possession, whatever interest they may have is subordinate to plaintiffs' rights. Their actual possession was notice to the individual defendants. They have no greater nor better rights than the corporate defendant. This is settled by the decision of this court in *Roy & Titcomb, Inc.,* v. *Villa,* 37 Ariz. 574, 296 Pac. 260, 261, wherein it was said:

" . . . Practically all the authorities give assent to the proposition that the purchaser or mortgagee of land in possession of an occupant other than the holder of the record title is compelled to inquire of the occupant by what title he holds possession, or he will be held to have taken subject to whatever rights a proper inquiry would disclose the occupant had therein. . . . "

The statute of frauds, Sec. 58–101, *supra,* provides that no action shall be brought in certain cases unless the agreement on which the action is founded shall be in writing, etc. Subdiv. 5,

"Upon an agreement which is not to be performed within the space of one (1) year from the making thereof; 6. Upon an agreement . . . for the sale of real property . . . ."

■ It seems obvious that the contract here does not come within the prohibition of subdiv. 5. There is nothing in the agreement alleged to indicate that

it was not to be performed within one year. The facts stated are otherwise. The whole contract was to be performed at the end of four months after possession was taken by the plaintiffs. It must be presumed that possession was to be given within a reasonable time, and in fact it was. Full performance could have been had in February, 1943, within five months after the contract was made. At that time conveyance was to be delivered, the mortgage assumed, the balance payable through installments was to be secured by a second lien on the property. The fact that all the purchase price was not to be paid within the year is wholly immaterial. The promise on this is not required to be in writing. *Murphy* v. *Smith*, 26 Ariz. 394, 226 Pac. 206. Possibility of performance within the year is sufficient. 37 C. J. S., Frauds, Statute of, pp. *558–560*, §§ 50, 51.

This court has held, following the general rule (37 C. J. S., Frauds, Statute of, 763, § 252) that the doctrine of part performance is applicable to oral contracts for the sale of real estate, and that in appropriate cases specific performance may be granted. *Latimer* v. *Hamill*, 5 Ariz. 274, 52 Pac. 364, 366. In this case the court stated:

" . . . A part performance of an executory contract, even though not reduced to writing, is sufficient to take the contract out of the provisions of the statute of frauds. This is true where the party setting up the defense has been in the notorious and exclusive possession of the property under the contract, and in pursuance of the same has made lasting and valuable improvements thereon, which are beneficial to the estate and an expense to the maker. The law upon this question is too well settled to require citations of authority. . . . "

In the case of *Smith* v. *Normart*, 51 Ariz. 134, 75 Pac. (2d) 38, 114 A. L. R. 1456, reference is made to the theretofore announced rule that we would follow the Restatement of the Law, where not bound

by previous decisions of this court or by legislative enactment. The rule so referred to was applied in that case. We have much the same situation here. The rule in the Restatement of the Law on Contracts, sec. 197, pertaining to part performance of a parol contract for sale of real estate which will authorize specific performance notwithstanding the statute of frauds, fully supports plaintiffs' proposition I, *supra*. In the absence of any previous decision to the contrary, we are impelled to follow that rule.

██ Furthermore, we view the facts as set out in plaintiffs' complaint as more than part performance. It would seem to us that the plaintiffs fully performed or at least made a tender of full performance within the terms of the alleged agreement. They specifically alleged that they not only entered into possession, but also made payments as required, and were prevented only from making the final payments by the refusal of defendants to complete the transaction. The defendants cannot take advantage of their own wrong. The statute of frauds has no application when the agreement has been completely performed by the purchaser. Murphy v. Smith, *supra;* Sullivan v. Townsend, 30 Ariz. 63, 243 Pac. 913; 37 C. J. S., Frauds, Statute of, § 251, p. 762. If, under these facts, the trial court had any discretion, we are of the opinion that the granting of the motion to dismiss on the ground that the action was barred by the statute was an abuse of discretion.

██ The contention of defendants and the authorities cited in support thereof, to the effect that the facts disclosed that it was out of the power of the corporate defendant to perform, have no application. The individual defendants are in no better position than their grantor. Relief can be afforded against them.

██ Finally, it appears from the allegations of the complaint that the failure of the defendants

to comply with the agreement would, in effect, constitute a fraud on plaintiffs. They can secure no comparable house. The statute will not be utilized as an instrument to perpetrate a fraud. The observations of this court in *Hall* v. *Rankin,* 22 Ariz. 13, 193 Pac. 756, and *Diamond* v. *Jacquith,* 14 Ariz. 119, 125 Pac. 712, L. R. A. 1916D, 880, are pertinent and disclose that the contract and compliance therewith by plaintiffs entitle them to specific performance.

What we have already said concerning the certainty of the purchase price answers the last question. There can be no doubt from the facts alleged that the minds of the parties met on the amount of the purchase price. There could be no misunderstanding as to this. The certainty of the price is determined by the terms of the contract and the necessary implications arising out of the alleged facts. The contract specified the method or means by which the price is definitely determined. This is sufficient. 66 C. J. 516, § 48, Vendor and Purchaser; 49 Am. Jur. 36, sec. 23, Specific Performance.

It is our conclusion that the court erred in granting defendants' motion to dismiss.

The judgment is reversed and the case remanded, with directions to reinstate plaintiffs' action.

STANFORD, C. J., and LaPRADE, J., concur.