397 P.2d 64

H. C. LOCKWOOD and Margaret Lockwood, his wife, Appellants,

v.

Charles A. MATTINGLY dba Mattingly Realty Company, a sole proprietorship, Appellee.

No. 7452.

Supreme Court of Arizona.

En Banc.

Dec. 2, 1964.

Arthur Van Haren, Jr., Phoenix, for appellants.

Otto H. Linsenmeyer and Donald D. Holroyd, Phoenix, for appellee.

SCRUGGS, Justice.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The plaintiff sued the defendants to recover a real estate commission for the sale of the community property of the defendants. The case was tried to the lower court sitting without a jury. From the judgment, and from the order denying the motion for a new trial, defendants bring this appeal. The sole question presented by the assignments of error is whether the community can be held liable for the judgment recovered below.

Since there is no reported transcript available, owing to the untimely death of the court reporter, we will assume the findings of facts made by the trial court are supported by the evidence. Floyd v. Hornbeck, 39 Ariz. 178, 4 P.2d 908. Therefore, the findings are conclusive and binding upon this court since they are not challenged by defendants. Eason v. Heighton, 49 Ariz. 237, 65 P.2d 1373.

The pertinent facts as found by the lower court are as follows:

The defendant H. C. Lockwood, while acting for and on behalf of the community, employed plaintiff, a duly licensed real estate broker, to find a purchaser for certain specific real property belonging to defendants, which property was at all times community property of the defendants. (Exhibit 1 in evidence is a listing of such property with plaintiff signed by defendant H. C. Lockwood but not by his wife.) The plaintiff did find and procure purchasers.

The defendant wife was aware that her husband had listed the property for sale wth real estate brokers; she knew, or in the exercise of reasonable care should have known, of such brokerage listing contract; and she accepted the benefits of the finding and procuring of purchasers under and pursuant to the listing contract. The purchasers of the property in question bought it from both husband and wife.

The defendants make one formal assignment of error: that the "judgment was contrary to law in that a judgment could not be properly granted against the community of husband and wife when only the husband had contracted to sell community real property."

In the opening brief, defendants also informally set forth the question which they believe is necessary to be decided in the determination of this case, to-wit: "Can a husband individuall, encumber or bind the community for payment of a real estate commission by signing a listing with a third party to sell community real property?" We believe, however, that in the face of the findings of fact, conclusions of law and the judgment, we need not consider either the assignment of error or defendants' concept of the principal question involved. It is obvious that the trial court found that the plaintiff was entitled to judgment under two alternate theories of law: (1) that the brokerage listing contract was a contract for personal services and not a sale or encumbrance of community property within the meaning of A.R.S. 3 33–452,[1] and (2) that a wife may be estopped to deny the authority of her husband to obligate the community for pay-

ment of a broker's fee if she knew of the brokerage listing contract and accepted the benefits of the finding and procuring of a purchaser pursuant to such listing contract.

We have held that a wife may be estopped from maintaining that a contract dealing with the community real property is invalid because she failed to sign it. Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 56 A.L.R. 903.

■ Under these circumstances, we hold that the defendant wife, by her actions in accepting the benefits of the plaintiff's efforts in procuring the purchasers, and by her acts in completing the sale of the community property, is estopped from questioning the act of her husband in signing the listing agreement, and she is estopped from questioning the validity thereof. Wilson v. Metheny, 72 Ariz. 339, 236 P.2d 34; Hall v. Weatherford, supra.

The judgment of the lower court is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.

---

1. A.R.S. § 33–452 reads: "A conveyance or incumbrance of community property is not valid unless executed and acknowleged by both husband and wife, except unpatented mining claims which may be conveyed or incumbered by the spouse having the title or right of possession without the other spouse joining in the conveyance or incumbrance."