470 P.2d 506

**PHOENIX AIRPORT TRAVELODGE,**
Appellant,

v.

**Rina DOLGIN, a married woman, Appellee.**

**No. 2 CA–CIV 776.**

Court of Appeals of Arizona,
Division 2.

May 11, 1970.

Rehearing Denied June 4, 1970.

Review Denied June 30, 1970.

Murphy, Vinson & Hazlett, by Carl E. Hazlett, Tucson, for appellant.

Silverstone & Stern, by Maurice M. Stern, Tucson, for appellee.

HATHAWAY, Judge.

Rina Dolgin, a married woman, filed this lawsuit against the defendant-appellant for personal injuries allegedly sustained when she slipped while emerging from the swimming pool at the Phoenix Airport Travelodge on March 27, 1969. The complaint asked for judgment in the sum of $17,500 together with any sums the court may find to be due for medical and drug expenses. Default was entered against the defendant, a defense motion to set aside the default was denied and a default judgment was awarded the plaintiff in the sum of $3,650.

The defendant filed a motion to set aside the judgment and this motion was denied.

■ Defendant questions the trial court's refusal to set aside the default and default judgment—first on the basis of allegedly defective service of process. This question was argued to the trial court and in appellee's brief the assertion is made that the trial court heard witnesses on the

subject, but that the record on this appeal is incomplete in that the testimony was not made a part of the record on this appeal. A party may not always bask in the comfort of presumptions based on a faulty composition of the record having failed to ask that it be supplemented pursuant to Rule 75, 16 A.R.S., Rules of Civil Procedure, Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968). If, however, the partial record is insufficient to decide the issue, we will presume the trial court correct. Ibid.

■■ The record contains two conflicting affidavits—one by the process server that he personally served the summons and complaint by leaving a true copy with the appellant's resident manager; the other by the manager that the process came through regular mail and not otherwise. Return of process can be impeached only by clear and convincing evidence. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957). We do not find the appellant's affidavit opposing that of the process server so convincing that it suffices to overcome the verity imputed the return of service. City of Tucson v. Melnykovich, 10 Ariz.App. 145, 457 P.2d 307 (1969).

The next question presented is whether the insurance carrier of defaulted defendant, when the insurer is not at fault, is entitled to have the case heard on its merits. Appellant argues that the same equitable considerations that apply to a defaulted defendant also apply to the insurer. Skolsky v. Magna Distribution Corporation, 254 Cal.App.2d 246, 62 Cal.Rptr. 91 (1967). Our Supreme Court in Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969) stated:

"* * * Rule 60(c) was amended to include 'any other reason justifying relief from the operation of the judgment.' Both the rules and the decision of this Court require the consideration of equity in the determination of a motion to set aside a default. This amendment permits an even more liberal holding in a case where an insurance company—through no fault of its own—has not had the opportunity of defending a suit on its merits." 104 Ariz. at 560, 456 P.2d at 930.

Although this case does not involve an automobile insurer as in *Camacho,* we believe that the same equitable considerations are applicable to our case. Skolsky v. Magna Distribution Corporation, 254 Cal. App.2d 246, 62 Cal.Rptr. 91 (1967).

■■ The insurer's attorneys, upon notification of the suit, promptly filed an answer and motions to set aside the entry of default. Through no fault of its own, the insurer was denied the opportunity to litigate this matter on the merits, and this alone justifies relief from the operation of the judgment, Camacho v. Gardner, supra. Appellant's affidavit of merit incorporates the answer setting out a general denial and the defenses of assumption of risk, contributory negligence, and failure to join an indispensable party. A defense set up in support of a motion to set aside a default judgment is sufficient unless such defense would be subject to a general demurrer. Huff v. Flynn, 48 Ariz. 175, 60 P.2d 931 (1936). Having shown justification for the insurer's failure to answer and meritorious defense, we are of the opinion that the default judgment should be set aside and the matter should be heard on the merits.

■■ Appellant contends that the plaintiff's husband was an indispensable party and the failure to join him as required by Rule 17(e),[1] A.R.C.P., operates as a jurisdictional defect depriving the court of power to adjudicate as between the parties already joined. We believe that the waiver, executed by the plaintiff's husband and filed before the default judgment was entered vested in the plaintiff the right to bring the suit for the benefit of the community. By his waiver and ac-

1. Rule 17(e) states in part: "When a married woman is a party her husband shall be joined with her * * *."

quiescence in his wife bringing the suit, the husband would be estopped from later repudiating his wife's action on behalf of the community. *See,* Lockwood v. Mattingly, 97 Ariz. 85, 397 P.2d 64 (1964); Nickerson v. Arizona Consolidated Mining Company, 54 Ariz. 351, 95 P.2d 983 (1939); Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536 (1939); Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 56 A.L.R. 903 (1927). In a case where the husband waived his rights and claims in the lawsuit and where no prejudice to the community nor to the appellant has been shown, we believe that the plaintiff-wife was the proper party to bring the suit without the necessity of joining her spouse.

We reverse and remand this case to the trial court for proceedings not inconsistent with this opinion.

HOWARD, C. J., and LLOYD C. HELM, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.